**William Riley NASH, Jr., Respondent,**

v.

**DIRECTOR OF REVENUE State Of Missouri, Appellant.**

**No. 62753.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Jack L. Ducan, Flat River, for respondent.

CRIST, Judge.

The Director of Revenue (Director) appeals from a declaratory judgment which determined that Director's revocation of William Riley Nash, Jr.'s driver's license should have begun on the day of Driver's

guilty plea, rather than after Director was given notice of the guilty plea. Reversed.

On June 22, 1990, Driver was arrested for driving while intoxicated. Driver refused to submit to a chemical test and this refusal was reported to Director. On July 13, 1990, Driver entered a plea of guilty to the charge of driving while intoxicated. On August 17, 1990, Director revoked Driver's driver's license for one year based on his refusal to take the chemical breath test. Director had not yet been notified of the driving while intoxicated conviction.

A few days prior to January 2, 1992, the clerk of the circuit court informed Director of the driving while intoxicated conviction. On January 2, 1992, Director assessed twelve points against Driver's driving record based on the July 13, 1990 conviction. Director also revoked Driver's driving privileges for one year, effective February 16, 1992.

On July 14, 1992, Driver brought a declaratory judgment action against Director asking that the Director "be required to amend his revocation order and make it effective on July 13, 1990 ... the date of [Driver's] conviction." The circuit court agreed and declared the revocation expired.

Section 302.311 addresses the appeals procedure for a revocation of a driver's license. It states the aggrieved party "may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked."

 Driver did not appeal the decision to the circuit court within thirty days. Where the legislature provides a method of review, that procedure is exclusive and must be used, or the court acts without jurisdiction. *See Cullen v. Director of Revenue*, 804 S.W.2d 749, 750[1] (Mo. banc 1991); *Deffenbaugh Industries, Inc. v. Potts*, 802 S.W.2d 520, 524[2] (Mo.App. 1990). The declaratory judgment act is not the appropriate remedy where a different specific statutory method of review is provided and that method is adequate. *Def-*

*fenbaugh*, 802 S.W.2d at 522; *American Hog Co. v. County of Clinton*, 495 S.W.2d 123, 126[6] (Mo.App.1973).

 There is no indication the review procedures prescribed by 302.311 are inadequate. *See, American Hog*, 495 S.W.2d at 127[8]. Since the circuit court acted without jurisdiction, its judgment is void. *Blanton v. United States Fidelity and Guaranty Co.*, 680 S.W.2d 206, 208[6–7] (Mo.App.1984). Reversed.

AHRENS, P.J., and REINHARD, J., concur.