Randall Dean ADKISSON,
Plaintiff–Appellant,

v.

DIRECTOR OF REVENUE, State of
Missouri, Defendant–Respondent.

No. 77174.

Supreme Court of Missouri,
En Banc.

Jan. 24, 1995.

William D. Rotts, Charlotte Adams Atkinson, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Don Downing, Deputy Atty. Gen., John Munich, Asst. Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

The appellant petitioned the circuit court of Audrain County pursuant to § 302.311 [1] asserting that he had received notice from the director of revenue of a loss of driving privileges as a result of multiple convictions of driving while intoxicated. The court of appeals transferred the case here after opinion. *Rule 83.02.* We conclude the petition filed with the circuit court failed to allege facts entitling appellant to any relief. The judgment denying relief is affirmed.

I.

Appellant's petition alleges that he was twice convicted of driving while intoxicated (DWI), § *577.010, RSMo Supp.1993.* The petition further concedes that he was once convicted of driving with excessive blood alcohol content (BAC), § *577.012.* The only basis for relief asserted in his petition is a contention that a BAC is not a third offense "relating to driving while intoxicated" justifying denial of driving privileges for ten years pursuant to § 302.060(9).

The "Notice of Loss of Driving Privilege" to which appellant took exception is attached to his petition. It is designated as department of revenue form 104 and states, "EFFECTIVE 6–21–93 YOUR PRIVILEGE TO LEGALLY OPERATE A MOTOR VEHI-

---

1. Unless otherwise stated, all references to statutes are to RSMo 1986.

CLE HAS BEEN DENIED FOR 10 YEAR MINIMUM REASON MULTIPLE DWI CONVICTIONS." In the lower left quarter of the document is a portion titled "DRIVING RECORD." It reflects a DWI conviction August 6, 1976, a DWI conviction on January 8, 1980, and a BAC conviction on June 3, 1993. Twelve points were assessed for the June 3 conviction and an entry was made the same date showing a revocation. In the lower right-hand quadrant of the document is a notice that appellant had thirty days from June 25, 1993, to appeal pursuant to § 302.311.

A petition for review was filed and a temporary order staying the director's action was granted on July 6, 1993. However, the trial court ultimately entered judgment denying relief and at the same time terminated the stay order on October 21, 1993. The trial judge's order was based on his conclusion that the language "relating to driving while intoxicated" in the most recent reenactment of § 302.060(9) was intended to include the BAC offense.

## II.

■ This Court concludes that the trial court correctly denied relief. However, we do so on a ground other than that briefed and argued. Failure to state a claim upon which relief can be granted calls into question the authority of the trial court to enter any judgment for the plaintiff. *Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 21 (Mo. banc 1983). The failure to state a claim is related to subject matter jurisdiction. *Id.* As such, this Court may *sua sponte* raise the issue whether a claim for relief has been stated even though not preserved by the parties. *Id.; Rule 84.13.* Thus, a preliminary question is whether the petition, given its most liberal construction and according it all reasonable inferences deducible from the facts stated, states a cause of action so as to vest the trial court with authority to grant any relief. *Asaro v. Cardinal Glennon Memorial Hosp.*, 799 S.W.2d 595, 597 (Mo. banc 1990).

### A.

■ Section 302.311, the statute upon which appellant's action is based, provides as follows:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

The portion of the notice to which appellant takes exception was neither a notice of suspension or revocation of driving privileges nor a denial of an application for a license. Rather it is a premature and somewhat confusing attempt by the director to advise appellant of how some future application for driving privileges will be treated. A notice giving such advice has no basis in the statutes and is unauthorized. The notice provided here was at most a notice that appellant had accumulated more than four points during a twelve-month period and due to the assessment of twelve points within a year, his driving privileges were revoked. §§ *302.304.1 and .6, RSMo Supp.1993.*

In circumstances almost identical to those presented here, both the Southern and Eastern Districts of the Missouri Court of Appeals have held that during the period of revocation required by § 302.304.6, no justiciable controversy exists as to whether a driver may be denied a license under § 302.060(9). *Johnston v. Director of Revenue*, 885 S.W.2d 766, 767 (Mo.App.1994); *Colonius v. Director of Revenue*, 884 S.W.2d 111, 113 (Mo.App.1994); *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App. 1994); *see also Eaton v. Director of Revenue*, 888 S.W.2d 731 (Mo.App.1994). The rationale of those cases was as follows:

[T]here is no language in § 302.060 that grants authority to the director of revenue to revoke an operator's permit; the statute prohibits the director of revenue from issuing a license to certain applicants. Nor does § 302.060(9) refer to a revocation period of ten years. The statutory ten year period is the length of time a person to

whom issuance of a license has been denied under § 302.060(9) must wait before petitioning the circuit court to order the director of revenue to issue a license. This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their Point I arguments, debate a non-justiciable controversy.

*Silman,* 880 S.W.2d at 576.

Here, as in those cases, the appellant concedes the two prior DWI convictions as well as the June 3, 1993, BAC conviction. The most recent conviction required the director to revoke appellant's license and driving privileges for a period of one year because he had accumulated twelve points within a twelve-month period. § *302.304.6, RSMo Supp.1993.* Because his driving privileges were revoked, appellant was not entitled to apply for a new license until the termination of the period of revocation. § *302.309.2, RSMo Supp.1993.* Even if he had fewer than three offenses relating to driving while intoxicated prior to July of 1993, appellant was entitled to no relief.

In reaching this conclusion, the Court is aware that the period of revocation has now terminated because no stay of the director's order has been in effect since the entry of the judgment on October 21, 1993. However, that does not excuse the appellant from following the statutory procedure which requires applying for and being denied a license.

The statute requires that "upon the termination of the period of revocation, [the applicant] shall apply for a new license in the manner prescribed by law." § *302.309.2, RSMo Supp.1993.* This process includes showing proof of financial responsibility, passing a complete driver's examination and applying for a new license. § *302.304.6,*

*RSMo Supp.1993.* The application must include information regarding prior offenses "relating to careless driving or driving while intoxicated." § *302.171, RSMo Supp.1993.* If the director should deny the application because of § 302.060(9), the applicant may seek review under § 302.311 and may present evidence that he has not been convicted of an offense qualifying for suspension under § 302.060(9).

This statutory scheme does not give the director any authority to act with regard to a person's driving privileges under § 302.060 until an application is made for a license. The notice purporting to start a thirty-day period in which to appeal is also foreign to the statutory scheme. The giving of the notice did not trigger a right to appeal the director's purely advisory opinion. More importantly, the notice does not bar appellant from challenging the director's reliance on § 302.060 in a future appeal from a denial of an application for an operator's license. Except to the extent the notice informed appellant of the assessment of points and the revocation of his license, it was a nullity.

### B.

Assuming the pleadings here were treated not as seeking relief under § 302.311 but as a petition for declaratory judgment or equitable relief, the result is the same. The declaratory judgment act is not an appropriate remedy where a different specific statutory method of review is provided and that method is adequate. *Nash v. Director of Revenue,* 856 S.W.2d 112, 113 (Mo.App.1993); *see also Graham v. Goodman,* 850 S.W.2d 351, 356 (Mo. banc 1993). Equitable remedies are not available where an adequate remedy exists at law. *State ex rel. General Dynamics Corp. v. Luten,* 566 S.W.2d 452, 460 (Mo. banc 1978).

The judgment denying relief is affirmed.

All concur.