Timothy Ray **FRIEDMEYER,**
Respondent,

v.

**DIRECTOR OF REVENUE, STATE
OF MISSOURI,** Appellant.

No. 66511.

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Carl M. Ward, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue for the State of Missouri ("Director"), appeals from an order issued by the St. Louis County Circuit Court setting aside the denial of driving privileges of respondent Timothy Ray Friedmeyer ("licensee") for ten years. We reverse and vacate.

On January 24, 1994, licensee pled guilty to driving with an excessive blood alcohol content ("BAC") in violation of RSMo § 577.012 (1994). This conviction was entered on licensee's driving record on February 23, 1994. Licensee had two previous BAC convictions on his driving record, dated February 17, 1993, and August 5, 1993.

Director sent licensee a Notice of Loss of Driving Privilege on March 4, 1994, and a "Corrected Notice" on March 18. Both notices informed licensee his driving privileges were suspended for ten years for "multiple DWI convictions," effective April 9. Each notice set out licensee's driving record, which showed that twelve points had been assessed

against licensee on February 23, and his license was revoked effective April 9.[1]

On March 29, 1994, licensee filed a petition for review in St. Louis County Circuit Court. In his petition licensee challenged the ten-year denial of his driving privileges, contending, *inter alia*, his BAC conviction was invalid because he was not represented by an attorney, and he never waived his right to an attorney. On March 31, the circuit court issued a stay order "with regard to the suspension/revocation of [licensee]'s driving privileges."

A bench trial was held on June 6, 1994. The parties stipulated licensee had not been represented by an attorney at his January 24, 1994, plea of guilty to driving with excessive BAC, and licensee had not waived his right to an attorney in writing. In its order of June 7, 1994, the court found that, under RSMo § 302.060(9)[2], the January 24 BAC conviction could not be used towards a ten-year denial of licensee's driving privileges, on the ground licensee was not represented by an attorney. The court accordingly ordered Director to remove the ten-year denial from licensee's record. Director's appeal followed.

■ Director raises one point on appeal. Director contends the circuit court erred in setting aside the ten-year denial of licensee's driving privileges because the validity of the denial was not properly before that court. We agree.

The Missouri Supreme Court recently held that challenges to a ten-year denial of driving privileges pursuant to RSMo § 302.060(9) are non-justiciable, when such challenges are made before the licensee has had his or her application for a new license denied by Director. *Adkisson v. Director of Revenue*, 891 S.W.2d 131, 133 (Mo. banc 1995). In *Adkisson*, the Supreme Court acknowledged opinions from the Southern and Eastern Districts holding that "during the period of revocation required by [RSMo] § 302.304.6[3], no justiciable controversy exists as to whether a driver may be denied a license under [RSMo] § 302.060(9)." *Adkisson* at 132.

Director has no authority to act with respect to a person's driving privileges under RSMo § 302.060(9) until an application is made for a license. *Adkisson* at 133. When a licensee's driving privileges are revoked, the licensee is not entitled to apply for a new license until the revocation period has run. *Id.* If Director should deny the licensee's application for a new license, "the applicant may seek review under [RSMo] § 302.311 and may present evidence that he has not been convicted of an offense qualifying for suspension under [RSMo] § 302.060(9)." *Id.*

We adhere to the Supreme Court's ruling. *See Pointer v. Director of Revenue*, 891 S.W.2d 876, 878–79 (Mo.App.E.D.1995). Here, licensee had served less than one month of the one-year revocation period and was not yet eligible to apply for, and be denied, a new license, as is required to challenge the application of RSMo § 302.060(9). Licensee could not appeal Director's refusal to issue him a new license for ten years until he had actually been refused. RSMo

1. The "Corrected Notice" of March 18, 1994 showed licensee's license was suspended on March 11. This was the only difference between the two notices.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

RSMo § 302.060 states in pertinent part:
The director shall not issue any license hereunder:

    \*    \*    \*    \*    \*    \*

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the

expiration of ten years from the date of the conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and ... the court may order the director to issue a license to the petitioner....

3. RSMo § 302.304.6 states in pertinent part:
The director shall revoke the license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months ... The revocation period of any person whose license and driving privilege has been revoked ... shall be terminated by a notice from the director of revenue after one year from the effective date of the revocation.

§ 302.060(9) was not properly applicable to licensee and therefore no justiciable controversy existed.

■ Licensee suggests the notices issued by Director denying his driving privileges for ten years failed to state that his license was revoked for one year, and licensee was therefore not aware of, and did not appeal, the one-year "points" revocation. According to licensee, Director intended to deny licensee's driving privileges for ten years *immediately* upon Director's receipt of licensee's third B.A.C. conviction, rather than revoke his license for one year first. We disagree.

The notices sent to licensee included licensee's driving record, which clearly showed that licensee had accumulated twelve points, and that his license was revoked. RSMo § 302.304.6 mandates a one-year revocation of licenses against which twelve points have been assessed: "The director *shall* revoke the license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months ..." (emphasis added). Director could not have intended to skip the revocation period and immediately impose the ten-year denial, when the statutory scheme expressly prohibited her from doing so.

The circuit court's decision reversing the Director's denial of licensee's driving privileges for ten years was not a justiciable issue at the time of the trial. The circuit court lacked jurisdiction to rule on the ten-year denial until the revocation period ended and licensee unsuccessfully applied for a new license. We accordingly vacate the court's decision regarding Director's ten-year denial of licensee's driving privileges.

REINHARD, P.J., and CRAHAN, J., concur.