**Larry Mac EUBANKS, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 19720.

Missouri Court of Appeals,
Southern District,
Division Two.

March 16, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance for respondent.

CROW, Judge.

On April 8, 1993, the Director of Revenue ("Director") mailed to Larry Mac Eubanks ("Petitioner") a Form 104 captioned "Notice of Loss of Driving Privilege." The notice stated that effective March 4, 1993, Petitioner's privilege to legally operate a motor vehicle "has been denied for 10 year minimum" because of "multiple DWI convictions." Insofar as pertinent here, the notice showed points were assessed against Petitioner's driving record as follows:

| "DWI" | "9–18–70" | "TANEY CO" | 12 points |
| "DWI" | "11–24–76" | "TANEY CO" | 12 points |
| "BAC" | "8–10–78" | "BRANSON" | 6 points |
| "DWI" | "3–4–93" | "BRANSON" | 12 points |

Invoking § 302.311, RSMo 1986, Petitioner filed a two-count petition against Director May 6, 1993. Count I was predicated on the assumption that Director based the 10-year denial on § 302.060, RSMo Cum.Supp.1992, which reads:

"The director shall not issue any license hereunder:

.  .  .  .  .

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if he is otherwise qualified...."

Petitioner pled he had not been convicted more than twice of driving while intoxicated under circumstances satisfying the requirements of the above statute.[1] Petitioner prayed in Count I that the court order Director "to rescind the ... decision to deny the petitioner the privilege to legally operate a motor vehicle ... for a minimum period of ten years."

Count II averred that if Count I was successful, Petitioner would be eligible for a hardship driving privilege. The prayer in Count II sought such a privilege "in connection with [Petitioner's] employment."

After hearing evidence December 15, 1993, the trial court directed Petitioner's lawyer to prepare an order granting the relief sought. For reasons unexplained in the record, the order was not entered until July 15, 1994.

As to Count I, the order barred Director from denying Petitioner a driver's license per § 302.060 and commanded Director to issue Petitioner a driver's license "subject to compliance with all other requirements of the state of Missouri." As to Count II, the order granted Petitioner a limited driving privilege "subject to compliance with all of the other requirements of the State of Missouri, with costs split evenly between Petitioner and the Director of the Missouri Department of Revenue."

■ Director brings this appeal from the above order. Attacking the adjudication of Count I, Director asserts:

"The court below erred in setting aside the denial of [Petitioner's] driving privilege because the validity of the denial was not a justiciable issue, in that [Petitioner] had neither completed his revocation due to his points accumulation nor had an application for a new license denied."

The claim of error is governed by *Adkisson v. Director of Revenue*, 891 S.W.2d 131 (Mo. banc, 1995), decided while this appeal was pending.

In *Adkisson*, as here, a driver received a Form 104 from Director purporting to deny the driver's privilege to legally operate a motor vehicle for at least 10 years because of "multiple DWI convictions." In *Adkisson*, as here, the driver's most recent conviction required Director to revoke the driver's license because he had accumulated 12 points in 12 months. § 302.304.6, RSMo Cum.Supp.1992. In *Adkisson*, as here, the driver could not apply for a new license for at least one year after the effective date of the revocation. § 302.304.6; § 302.309.2, RSMo Cum.Supp. 1992. In *Adkisson*, as here, the driver sought relief from the purported 10–year denial by filing a petition per § 302.311. In *Adkisson*, as here, one year had not elapsed between the revocation and the filing of the petition.

*Adkisson* held the petition pled no facts entitling the driver to relief. The rationale

---

1. Petitioner's evidence showed (a) he did not have a lawyer and did not waive his right to one in writing when convicted in 1970, 1976 and 1978, and (b) the judge who presided at the 1978 conviction was not a lawyer. Petitioner made no attempt to show the 1993 conviction failed to meet the requirements of § 302.060(9).

for that holding need not be repeated here. We are constitutionally controlled by *Adkisson.* Mo. Const. Art. V, § 2 (1945); *State v. Tankins,* 865 S.W.2d 848, 854[17] (Mo.App. E.D.1993). Applying *Adkisson,* we reverse the portion of the trial court's order adjudicating Count I.

■■■ The only other complaint by Director is that the trial court erred in ordering that the costs be split between the parties. Director correctly points out that costs are not recoverable from Director in this proceeding. *Reed v. Director of Revenue,* 834 S.W.2d 834, 837 (Mo.App.E.D.1992). Section 536.087, RSMo Cum.Supp.1992, which allows a prevailing party to recover "reasonable fees and expenses" under some circumstances in certain types of litigation with the State, does not apply to "drivers license proceedings." § 536.085(1), RSMo Cum.Supp.1992; *Reed,* 834 S.W.2d at 837. The trial court erred in taxing part of the costs against Director.

Director does not attack the trial court's award of a limited driving privilege to Petitioner. The only mention of the matter in Director's brief appears in a footnote which reads: "The granting of the limited driving privilege is otherwise moot, in that said privilege has subsequently been terminated." Director cites nothing confirming this.

Inasmuch as Director assigns no error in the trial court's award of a limited driving privilege, we leave that portion of the trial court's order intact. It is not our duty to search the record for possible errors regarding that ruling. *Satterlee v. United States,* 862 S.W.2d 365, 366[4] (Mo.App.S.D.1993).

The portion of the trial court's order adjudicating Count I is reversed. The portion of the trial court's order taxing part of the costs against Director is also reversed. The remainder of the order is affirmed.

PREWITT and PARRISH, JJ., concur.