**Thomas GRIMES, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 66117.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Michael Segobiano, St. Louis, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals the trial court's order setting aside Director's determination that Thomas Grimes' ("Petitioner") driving privileges be denied for a minimum of ten years pursuant to § 302.060(9) RSMo 1994. We reverse and vacate the trial court's order.

Petitioner was convicted of Driving While Intoxicated ("DWI") in 1976, 1985, and in 1993. On June 16, 1993, Petitioner was issued a "Notice of Loss of Driving Privilege" which informed him that his driving privileges were being denied for a "10 year minimum" due to "multiple DWI convictions." It further indicated that he had been assessed twelve points for his 1993 DWI conviction and that his license would be revoked on July 18, 1993.

On July 16, 1993, Petitioner filed a petition seeking judicial review of the ten-year denial

action.[1] On March 23, 1994, the trial court set aside Director's determination that Petitioner's driving privileges be denied for a minimum of ten years.

Director raises one point on appeal. She contends the trial court erred in setting aside the denial of Petitioner's driving privileges because the validity of the denial was not a justiciable issue. We agree.

■ Our supreme court's recent decision in *Adkisson v. Director of Revenue,* 891 S.W.2d 131 (Mo. banc 1995) is controlling. In *Adkisson,* the court considered a similar fact situation and held that "no justiciable controversy exists as to whether a driver may be denied a license under § 302.060(9)." 891 S.W.2d at 132. Such challenges are non-justiciable when they are made before an application for a new license has been denied. 891 S.W.2d at 133.

■ In the present case, Petitioner had not yet applied for a new license at the time of the trial court's order. Thus, the trial court erred in setting aside Director's determination because there was no justiciable controversy.

Accordingly, we reverse and vacate the trial court's order.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

---

1. On appeal, Petitioner contends that he challenged the underlying "points" revocation and not the ten-year denial of his driving privileges. However, it is clear from a review of his Petition for Trial De Novo filed with the trial court, as well as the Agreed Statement of the Record on Appeal, that this assertion is unfounded.