**CROSSLAND CONSTRUCTION CO., INC., Plaintiff–Respondent,**

v.

**ALPINE ELECTRICAL CONSTRUCTION INC., Defendant, and Danny A. Smith, Defendant–Appellant.**

No. 27999.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 23, 2007.

Hugh L. Marshall, McDowell, Rice, Smith & Buchanan, P.C., Kansas City, for appellant.

Carol Z. Smith, Gilliland & Hayes, P.C., Kansas City, for respondent.

PHILLIP R. GARRISON, Judge.

Danny Smith ("Appellant"), appeals the trial court's judgment denying his Motion to Set Aside Default Judgment. He claims the trial court erred because the petition filed by Crossland Construction Co., Inc. ("Crossland"), Respondent, was insufficient to grant the trial court authority to enter a default judgment against him on a theory of fraudulent misrepresentation. For the reasons stated herein, we reverse.

Crossland was a general contractor performing construction work in Joplin, Missouri, when it contracted with Alpine Electrical Construction, Inc. ("Alpine") to perform work on that project. Appellant was the president of Alpine. Alpine in turn subcontracted with various subcontractors and suppliers to provide labor and materials on the project. On three separate occasions Crossland paid Alpine and Alpine provided Crossland a lien waiver for the amount of the payment. Alpine, however, failed to pay four of its suppliers. Crossland, after receiving demands from the owner of the project and in order to avoid mechanic's liens being filed by Alpine's suppliers, paid the suppliers the amount they were owed.

On August 23, 2004, Crossland filed a petition against Alpine and Appellant alleging, in pertinent part, that both parties committed fraudulent misrepresentations. Alpine and Appellant filed joint answers to the petition. Crossland then served Alpine with its "First Interrogatories and First Request for Production of Documents." After receiving no response,

Crossland filed a "Motion for Enforcement of Discovery" requesting an order directing Alpine to provide answers to the discovery request within thirty days. The trial court held a hearing on this motion, sustained it, and in its docket entry wrote, "Defendants to answer discovery request or risk entry of a default judgment." After thirty days had passed, Crossland filed a "Motion for Sanctions for Failure to Answer Discovery" asking the court to strike Alpine and Appellant's answer, enter a default judgment against Alpine and Appellant, and set the case for a hearing on the issue of damages. On June 17, 2005, the trial court entered a default judgment against Alpine and Appellant jointly and severally and on July 20, 2005, held a hearing to determine damages.[1] After that hearing, the trial court entered judgment against Appellant in the amount of $272,832.15. On June 9, 2006, Appellant filed a motion to set aside default judgment pursuant to Rule 74.06(b) claiming the judgment was void because Crossland's petition failed to state a claim against Appellant.[2,3] After a hearing, the trial court denied the motion. Appellant now appeals.

■■■ "A motion to set aside judgment under Rule 74.06 is governed by the sound discretion of the trial court." *State v. Siemens,* 12 S.W.3d 776, 779 (Mo.App. W.D.2000). As such, this Court will affirm it unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* In the instant case, the issue is whether the trial court was required to set aside the default judgment because Crossland's petition failed to state a claim against Appellant. "Failure to state a claim upon which relief can be granted calls into question the authority of the trial court to enter any judgment for the plaintiff." *Adkisson v. Director of Revenue,* 891 S.W.2d 131, 132 (Mo. banc 1995). The failure to state a claim upon which relief may be granted is "related to subject matter jurisdiction." *Id.* "Jurisdiction is a question of law that this Court reviews *de novo.*" *City of Sullivan v. Truckstop Restaurants, Inc.,* 142 S.W.3d 181, 191 (Mo.App. E.D.2004). The question we need to determine is "whether the petition, given its most liberal construction and according it all reasonable inferences deducible from the facts stated, states a cause of action so as to vest the trial court with authority to grant any relief." *Adkisson,* 891 S.W.2d at 132.

■■ "To properly plead a cause of action, the 'petition must state allegations of fact in support of each essential element of the cause pleaded.'" *Brock v. Blackwood,* 143 S.W.3d 47, 57 (Mo.App. W.D.2004) (quoting *Duvall v. Lawrence,* 86 S.W.3d 74, 80 (Mo.App. E.D.2002)). Thus, in order to properly plead a cause of action for fraudulent misrepresentation the petitioner must plead facts establishing the elements of fraudulent misrepresentation, which are:

(1) a false, material representation;

(2) the speaker's knowledge of its falsity or his ignorance of its truth;

---

**1.** Alpine subsequently filed for bankruptcy and is not a party to this appeal. Appellant also filed for bankruptcy, but the default judgment against him was not discharged.

**2.** All references to rules are to Missouri Rules of Civil Procedure (2006) unless otherwise indicated.

**3.** Rule 74.06(b)(4) empowers the trial court to set aside a final judgment if the judgment is shown to be void.

(3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated;

(4) the hearer's ignorance of the falsity of the representation,

(5) the hearer's reliance on its truth;

(6) the hearer's right to rely thereon; and

(7) the hearer's consequent and proximately caused injury.

*Bohac v. Walsh,* 223 S.W.3d 858, 862–63 (Mo.App. E.D.2007).

In pertinent parts the petition in this case read:

16. In each Lien Waiver, [Appellant] and Alpine made the following representation:

NOW THEREFORE THE UNDERSIGNED, UPON RECEIPT OF [the amount of the payment] AND OTHER GOOD AND VALUABLE CONSIDERATIONS, WILL HEREBY WAIVE AND RELEASE ANY AND ALL LIEN OR CLAIM OR RIGHT OF LIEN RELATING TO MECHANICS LIENS, ON THE ABOVE DESCRIBED PREMISES AND IMPROVEMENTS THEREON, AND ON MONIES OR OTHER CONSIDERATIONS DUE OR TO BECOME DUE FROM THE OWNER, GENERAL CONTRACTOR OR ITS SURETIES, ON ACCOUNT OF LABOR OR SERVICES, MATERIAL, FIXTURES OR APPARATUS HERETOFORE FURNISHED.

46. By providing Crossland executed Lien Waivers, Alpine and [Appellant] represented that Alpine was releasing any lien or claim it had on the real property on which the Project was located and on monies due or to become due from Crossland (and others) on account of labor or services, material, or fixtures furnished to that point in time by Alpine.

47. The Lien Waivers were material to Crossland's decision to pay Alpine's invoices.

48. When [Appellant] signed and Alpine provided the Lien Waivers to Crossland, Alpine and [Appellant] knew the Alpine Suppliers had not been paid for work provided to Alpine to complete the Subcontract Work.

49. Alpine and [Appellant] intended that Crossland rely on the Lien Waivers.

50. Crossland did not know that Alpine had not paid the Alpine Suppliers for work provided to Alpine to complete the Subcontract Work.

51. Crossland reasonably relied on the representations in the Lien Waivers.

52. [Appellant] and Alpine represented to Crossland that the Alpine Suppliers had been paid for work provided to complete the Subcontract Work.

Appellant claims the language of the lien waivers does not allege that anyone, besides Alpine, was releasing any lien or claim it might have on the property, or that any of Alpine's suppliers had been paid. Therefore, because the petition only alleges that Crossland relied on the lien waivers, it failed to state a claim for fraudulent misrepresentation. We agree.

■ Important to this appeal is paragraph 52 of the petition. Paragraph 52 claims that Appellant "represented to Crossland that the Alpine Suppliers had been paid[.]" This paragraph can be viewed in two separate ways, neither of which saves the petition. First, it can be interpreted as meaning that Appellant represented that the Alpine suppliers had

been paid by executing the lien waiver. This is the most logical reading because the other paragraphs of the fraudulent misrepresentation count refer only to the lien waivers. However, paragraph 52 could also be interpreted as meaning that Appellant made oral representations, separate and distinct from the lien waivers, to Crossland that the Alpine suppliers had been paid.[4] During oral argument of this case, Crossland asserted that either way paragraph 52 is viewed the petition states a claim of fraudulent misrepresentation against Appellant.

Crossland argues that the lien waiver, by itself, constituted a fraudulent misrepresentation because, as paragraph 52 alleges, it represented that Alpine's suppliers had been paid. It claims that the language of the lien waivers stating that Alpine was releasing the right to a mechanic lien "on monies or other considerations due ... on account of labor or services, material, fixtures or apparatus heretofore" can be read as a representation that Alpine had paid all its suppliers. Even giving the lien waiver a liberal interpretation, as our review requires, we cannot reach this conclusion. The lien waiver makes no representations that Alpine had obtained lien waivers from its suppliers or that Alpine had paid its suppliers. Rather, the lien waiver states only that Alpine was releasing its own personal mechanic's lien rights on the property for the "labor or services, material, fixtures or apparatus," which it itself had furnished up to the amount of money it received from Crossland.

Even if, as the petition alleges, Appellant executed the lien waivers knowing that Alpine's suppliers had not been paid and Crossland relied on the lien waivers, nothing in the lien waivers was a fraudulent misrepresentation because the lien waivers do not represent that Alpine's suppliers had been paid. The lien waivers only state that Alpine is releasing its mechanic's lien and nothing in the petition alleges that Alpine did not release it mechanic's lien. Therefore, the execution of the lien waiver and Crossland's reliance on it does not establish a claim of fraudulent misrepresentation.

Crossland also argues that paragraph 52 can be read to mean that Appellant made oral representations to Crossland that Alpine had paid its suppliers. It argues that this would clearly be a false statement and, therefore, the petition states a claim for fraudulent misrepresentation. However, even if we view paragraph 52 as stating that Appellant made a false representation to Crossland which he personally knew was untrue, the petition does not plead the other required elements for fraudulent misrepresentation in relation to such an oral statement. It does not state that the oral representation was material to Crossland's decision to pay Alpine, that Crossland relied on this oral representation or that it had a right to rely on this oral representation.[5] Instead, Crossland only states that the lien waivers were material

---

4. During oral argument, Crossland claimed that paragraph 52 was intended to be read as stating that Appellant made separate oral representations to Crossland that Alpine's suppliers had been paid. However, it conceded that this was not clear from the face of the petition. We confine our review to the face of the petition when determining whether the petition states a claim. *Solberg v. Graven,* 174 S.W.3d 695, 699 (Mo.App. S.D.2005).

5. Appellant argues Crossland has no right to rely on oral representations that Alpine's suppliers have been paid because it only has a right to rely on written lien waivers. Because the petition did not claim any reliance on the oral representation we need not address this issue.

to its decision to pay and that it reasonably relied on the representations in the lien waivers. The lien waiver is different from an oral representation by Appellant. Because Crossland failed to plead facts establishing the elements required to prove that Appellant's oral representation amounted to a fraudulent misrepresentation it failed to state a claim against Appellant.

Crossland relies on two cases, *Weidner v. Anderson*, 174 S.W.3d 672 (Mo.App. S.D.2005), and *Clark v. Olson*, 726 S.W.2d 718 (Mo. banc 1987), for the proposition that Appellant has waived his claim that the petition did not state a cause of action against Appellant. We address these cases in order.

In *Weidner*, the defendant filed a counterclaim against the plaintiff for breach of contract and the trial court granted defendant judgment on this counterclaim. 174 S.W.3d at 676. The plaintiff filed a motion to set aside the judgment which the trial court denied. *Id.* On appeal, the plaintiff claimed the judgment should have been set aside because the trial court lacked subject matter jurisdiction to enter a judgment because the damages awarded were not pled as required by Rule 55.05. *Id.* at 682–83. The court found that the "requirement under Rule 55.05 that the amount of damages must be specifically stated is a procedural requirement [and][w]hen Plaintiffs failed to challenge this requirement, they waived the procedural defect." *Id.* at 683 (internal citations omitted). The court specifically stated that it would not hold that the failure to allege a specific amount of damages in a petition deprived the trial court of subject matter jurisdiction. *Id.*

■ Crossland argues that the same result should be reached in this case. It claims that because Appellant did not challenge the petition he waived his complaint. However, unlike in *Weidner*, the failure to state a claim is not a procedural defect. Rather, the [f]ailure to state a claim upon which relief may be granted is a jurisdictional defect. *City of Sullivan*, 142 S.W.3d at 191. Because failure to state a claim deprives the trial court of authority to enter judgment for the plaintiff, the issue of whether a petition states a claim upon which relief may be granted cannot be waived and can even be raised *sua sponte* by both the trial and appellate courts. *Adkisson*, 891 S.W.2d at 132.

In *Clark*, the plaintiffs filed a claim for fraudulent misrepresentation for statements the defendants made to them during the sale of a house. 726 S.W.2d at 718–19. The trial court dismissed the plaintiffs' petition because plaintiffs failed to plead the circumstances constituting fraud with particularity as required by Rule 55.15. *Id.* at 719. The court reversed stating:

> Assuming, without deciding, that plaintiffs' petition did not plead fraud with sufficient particularity, this portion of the petition would have properly been subject to a motion for a more definite statement as authorized by Rule 55.27(d). By failing to make such a motion, defendants are deemed, pursuant to Rule 55.27(f), to have waived any objection as to the particularity of the averments of fraud.

*Id.*

Crossland argues that because Appellant did not move for a more definite statement it waived its objection to the petition. However, in this case, unlike in *Clark*, Appellant is not claiming that Crossland failed to plead the elements of fraud with particularity. Rather, he is claiming that Crossland failed to state a cause of action against Appellant because it did not plead facts establishing the required elements of fraudulent misrepresentation. The court in *Clark* specifically says the defendants

waived "any objection as to the particularity of the averments of fraud." *Id.* In *Clark,* the plaintiffs pled the required elements of fraud but they failed to do so with the particularity required under Rule 55.15. Accordingly, the court held that the particularity requirement can be waived if a party fails to file a motion for a more definite statement. *Id.* The court never says that a party can waive a claim that the petition does not state a cause of action because it did not plead the required elements of fraud. This is because, as previously discussed, "[f]ailure to state a claim upon which relief can be granted calls into question the authority of the trial court to enter any judgment for the plaintiff." *Adkisson,* 891 S.W.2d at 132.

Even given its most liberal construction, the petition failed to state a cause of action against Appellant. The lien waivers did not state that Alpine had received lien waivers or that it had paid its suppliers. It stated only that Alpine was releasing its mechanic's lien and as such did not contain a fraudulent misrepresentation. Further, even if Appellant made an additional oral representation that Alpine's suppliers had been paid the petition did not state that this oral representation was material to Crossland's actions, that Crossland relied on the oral representation or that Crossland had a right to rely on it. Therefore, the petition failed to plead facts establishing the elements required to prove that Appellant's oral representation amounted to a fraudulent misrepresentation.

Because the petition failed to state a claim against Appellant the trial court lacked the authority to grant a judgment against Appellant. *Adkisson,* 891 S.W.2d

at 132. Therefore, the default judgment was void and the trial court should have set it aside pursuant to Rule 74.06(b)(4). The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.[6]

BATES, C.J., and BARNEY, J., concur.

---

6. In its brief Crossland states, "In the event, the trial court's decision is reversed, Crossland requests that such an order be conditioned on [Appellant's] payment of all of Crossland's attorneys' fees and expenses incurred in the bankruptcy court." Crossland cites to no statute or case which would authorize this Court to order Appellant to pay Crossland's attorneys' fees, which accumulated during Appellant's bankruptcy case. Accordingly, we deny its request.