Brian C. ALLISON, Petitioner–
Respondent,

v.

Catherine L. ALLISON, Respondent–
Appellant.

No. 28755.

Missouri Court of Appeals,
Southern District,
Division Two.

May 2, 2008.

Connie J. Clark, Osage Beach, MO, for appellant.

W. Gary Drover and Richard L. Rollings, Jr., Camdenton, MO, for respondent.

GARY W. LYNCH, Chief Judge.

Catherine L. Allison ("Mother") appeals from a judgment denying her Rule 74.06(b)[1] motion to set aside the trial court's Judgment and Decree of Dissolution of Marriage which ordered joint legal custody of her minor child ("Child"), sole

---

1. All rule references are to Missouri Court Rules (2007).

physical custody of Child to Child's father, Brian C. Allison ("Father"), child support to be paid by Mother, and visitation rights to Mother. In her two points on appeal, Mother contends the motion court erred in denying her motion to set aside the dissolution judgment because the dissolution court did not have subject matter jurisdiction over the minor child for purposes of child custody (Point I) and child support (Point II) when it entered the dissolution judgment. Because collateral estoppel precludes Mother from relitigating the issue of subject matter jurisdiction which was decided by the dissolution court, we affirm the motion court's judgment denying her motion to set aside the dissolution judgment.

### Factual and Procedural Background

When Father filed his Petition for Dissolution of Marriage on April 6, 2005, he and Mother had lived in Missouri with Child since Child's birth on October 1, 2003. About two weeks after Father filed his petition, the dissolution court entered an order granting temporary custody of Child to Father. Five weeks later, Mother and Father reconciled and moved with Child to Florida. They resided in Florida for a little over a year until Father moved back to Missouri with Child in June of 2006.[2] On June 20, 2006, notice was sent to Mother in Florida that a hearing would be held in Missouri on the Petition for Dissolution of Marriage on July 13, 2006. Mother and Father both appeared for the hearing on that date, and the dissolution court entered its judgment granting the dissolution and awarding joint legal custody of Child but sole physical custody to Father. Mother was ordered to pay

monthly child support to Father, and she also received visitation rights in accordance with the agreed-upon joint parenting plan filed by the parties and accepted by the dissolution court. No appeal was filed by either party from the entry of this judgment.

Over eleven months later, Mother filed a motion to set aside the dissolution judgment. She argued that the dissolution court erred in finding that it had jurisdiction over Child because Missouri was not the Child's home state at the time the dissolution judgment was entered. The motion court entered a judgment denying Mother's motion, finding that the uncontroverted evidence at the dissolution hearing supported that Missouri was Child's home state when the petition was filed, and Mother admitted in her trial brief that the parties were residing in Missouri when the petition was filed. Mother appeals from the motion court's denial of her motion to set aside the judgment.

### Standard of Review

"A motion to set aside [a] judgment under Rule 74.06 is governed by the sound discretion of the trial court." *Crossland Constr. Co., Inc. v. Alpine Elec. Constr. Inc.*, 232 S.W.3d 590, 592 (Mo.App. 2007). "As such, this Court will affirm it unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* Questions of law are reviewed *de novo*. *Id.*

### Discussion

Mother contends in her first point that the motion court erred in denying her motion to set aside the dissolution judg-

---

**2.** While the parties were still residing in Florida, a Temporary Injunction for Protection Against Domestic Violence With Minor Child was entered by a Florida circuit court against Mother as a result of an altercation between Mother and Father. Five days later, Father moved back to Missouri with Child. Father failed to appear at the hearing on the temporary injunction, and it was dismissed on June 15, 2006.

ment, because the dissolution court did not have subject matter jurisdiction over Child for purposes of custody at the time the dissolution judgment was entered. Mother concedes that when the petition for dissolution was filed by Father, Missouri was the home state of Child as defined in section 452.450.1, because both parties had lived with Child in Missouri for one and one-half years prior to the filing of the petition.[3] She argues that jurisdiction over Child was lost subsequent to the filing of the petition because Florida became the home state of Child and was his home state when the judgment of dissolution was entered. She argues that under section 452.450.1(2), "it was not in the best interest of [Child] that Missouri assume jurisdiction because there was no substantial evidence concerning [Child's] present care, as all evidence of [Child's] care over the last fourteen months, except for a few days before the judgment date, was in the [s]tate of Florida."

Mother admits that the dissolution court was not given any information about the Florida proceedings, nor did she raise the subject matter jurisdiction issue at any time during the dissolution proceedings; but she claims her failure was due to her lack of legal representation. She contends that although the issue of subject matter jurisdiction was not raised at the trial level, it can still be raised in a Rule 74.06 motion to set the judgment aside because if the dissolution court did not have jurisdiction over the proceedings, the judgment is void.

Mother's second point on appeal contends that if the dissolution court lacked jurisdiction over Child for custody issues, then it did not have subject matter jurisdiction over Child for purposes of awarding child support, because such jurisdiction is ancillary to the subject matter jurisdiction required for child custody.

■ In response to both of Mother's points, Father contends that, irrespective of the merits of those points, because Mother did not appeal the dissolution judgment in which the dissolution court found it had subject matter jurisdiction over Child, res judicata precludes Mother from collaterally attacking the judgment in the motion to set it aside under Rule 74.06. "Traditionally, res judicata (defined as *claim* preclusion) precludes the same parties or their privies from relitigating the same *cause of action.*" *ASARCO, Inc. v. McNeill,* 750 S.W.2d 122, 127 (Mo.App. 1988). "This is to be distinguished from collateral estoppel (defined as *issue* preclusion) which precludes the same parties or those in privity from relitigating *issues* which have been previously litigated." *Id.* While Father has confused his terminology in applying the appropriate doctrine, we agree with his argument that Mother is precluded from relitigating the issue of subject matter jurisdiction.

■ "The court-made doctrine of collateral estoppel—known by its modern term, issue preclusion—precludes relitigation of an issue previously decided and incorporated into an earlier judgment. The doctrine requires that the issue was fully and fairly litigated, that the issue was essential to the earlier judgment, and that the earlier judgment be final and binding on the party against whom it is asserted." *Sexton v. Jenkins & Associates, Inc.,* 152 S.W.3d 270, 273 (Mo. banc 2004). "[W]hen the question of subject matter jurisdiction has been fully litigated in the original forum, the issue cannot be retried in a subsequent action between the parties." *Id.* (citing *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963)).

In the instant case, Mother had a full and fair opportunity to litigate the issue of subject matter jurisdiction over Child in

3. All references to statutes are to RSMo.2000, unless otherwise indicated.

the original proceedings. This issue could have been raised at any time during the proceedings before the entry of the dissolution judgment. *Woods v. Mehlville Chrysler–Plymouth,* 198 S.W.3d 165, 169 (Mo.App.2006). At the time she appeared at the dissolution hearing, Mother had all of the information regarding the parties' relocation to Florida but did not present any of it to the dissolution court.

Based upon the evidence presented by the parties at the dissolution hearing, the dissolution court decided the issue of subject matter jurisdiction in its judgment of dissolution, finding "[t]hat there is no case in any Court of this or any other state involving custody or visitation privileges with respect to the child of this marriage and there is no person, not a party hereto, who claims a right to custody or visitation with respect to said child and that this Court has jurisdiction over the parties and the child of the parties herein." Indeed, such a determination of subject matter jurisdiction over Child was essential to the award of custody and child support in the dissolution judgment. *See* sections 452.440 to 452.550 (Uniform Child Custody Jurisdiction Act).

The dissolution judgment became final and binding upon both Mother and Father when neither party chose to file a timely appeal. *See* Rule 81.04(a).

Mother's motion to set aside the dissolution judgment, filed over eleven months after the dissolution judgment was entered, constituted an independent cause of action between the parties in which Mother attempted to relitigate the issue of subject matter jurisdiction. *See Spino v. Bhakta,* 174 S.W.3d 702, 706 (Mo.App. 2005) ("the trial court is free to treat a motion filed pursuant to Rule 74.06 as an independent action in equity if its substance is 'sufficient to invoke the equitable powers of the court'"). Such a motion cannot be used to evade the effects of res judicata and collateral estoppel. *Id.* at 707. Because Mother, after having a full and fair opportunity to litigate the issue, did not appeal the dissolution court's judgment of dissolution in which it found it had subject matter jurisdiction, the dissolution judgment is final and collateral estoppel precludes her from relitigating the issue of the dissolution court's subject matter jurisdiction in her Rule 74.06 motion to set the judgment aside. *Id.; Sexton,* 152 S.W.3d at 273–74. Consequently, Mother's points on appeal, which likewise challenge the subject matter jurisdiction of the dissolution court, are precluded by the doctrine of collateral estoppel and need not otherwise be addressed. Points I and II are denied.

### Decision

The judgment denying Mother's motion to set aside the dissolution judgment is affirmed.

BARNEY, P.J., and RAHMEYER, J., concur.