Richard **HOLLORAN**, Respondent,

v.

**ST. LOUIS INVESTIGATIONS AGENCY INC.**, and **Kenneth Nowling**, Appellants,

and

**Dennis Ward** and **Dennis Grubbs**, Defendants.

No. ED 93799.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 20, 2010.

---

1. All rule references are to Mo. Sup.Ct. R. (2009), unless otherwise indicated.

Michael P. Shea, St. Charles, MO, for appellants and defendants.

Mitchell D. Johnson, St. Ann, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

St. Louis Investigation Agency, Inc. and Kenneth Nowling (collectively Defendants) appeal from the judgment of the Circuit Court of the City of St. Louis denying Defendants' Rule 74.06[1] motion to set aside a default judgment entered in favor of Richard Holloran (Plaintiff). On appeal, Defendants contend that because the underlying default judgment was void for lack of personal jurisdiction, the trial court erred in failing to set it aside. We reverse and remand.

### Background

On March 12, 2002, Plaintiff filed suit against Defendants alleging assault and battery, conversion, negligence, and negligence per se in connection with Defendants' repossession of Plaintiff's automobile.[2] On March 23, 2004, upon request by Plaintiff, the trial court entered a default judgment against Defendants and awarded Plaintiff $300,000 in damages. On August 20, 2009, Defendants filed a motion to quash service of summons and to set aside the default judgment pursuant to Rule 74.06. Defendants argued, *inter alia*, that the judgment was void for lack of personal jurisdiction. The trial court denied the motion on the grounds that "the court is without jurisdiction to set aside a default judgment for any reason more than one year after entry of judgment."

### Standard of Review

Generally, we will not reverse the denial of a Rule 74.06 motion unless the trial court abused its discretion. *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006). However, we review *de novo* questions of law. *Allison v. Allison*, 253 S.W.3d 91, 93 (Mo.App. S.D.2008); *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo.App. E.D.2003).

---

1. All rule references are to Mo. Sup.Ct. R. (2009), unless otherwise indicated.

2. Plaintiff also named another defendant, but he is not relevant to our resolution of Defendants' points on appeal.

### Discussion

■ In their first point, Defendants claim the trial court erred in denying the motion to set aside the default judgment on the grounds that the one-year limitation imposed by Rule 74.06(c) prohibited the trial court from setting aside the default judgment for "any reason."[3]

> Rule 74.06(b) provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party ... from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud ..., misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void....

Mo. Sup.Ct. R. 74.06(b) (2009).

■ Rule 74.06(c), however, requires that a motion filed under Rule 74.06(b) "shall be made within a reasonable time and for reasons (1) and (2) and (3) of subdivision (b) not more than one year after the judgment or order was entered." Mo. Sup.Ct. R. 74.06(c) (2009). The one-year limitation of Rule 74.06(c) does not prevent the trial court from setting aside a void judgment. Rather, as Plaintiff concedes, a void judgment can be challenged at any time. *Franken v. Franken,* 191 S.W.3d 700, 702 (Mo.App. W.D.2006). Therefore, the trial court erroneously stated it was "without jurisdiction to set aside a default judgment for *any reason* more than one year after entry of judgment." (emphasis added).

Because the trial court was under the mistaken impression that it lacked authority to set aside the default judgment for any reason, we remand the case to the trial court to address the merits of Defendants' motion. If the trial court determines the default judgment was void, it has the authority to set it aside.

### Conclusion

We reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., concur.

---

**3.** Defendants also contend that the trial court lacked personal jurisdiction over Defendants because the subsequent issuance of pluries summonses resulted in abandonment of Plaintiff's earlier purported service on Defendants. Given our resolution of the first point, we decline to address the merits of the second point.