**Autumn RILEY, Plaintiff–Respondent,**

v.

**Guy HEADLAND, Defendant–Appellant.**

**No. SD 29716.**

Missouri Court of Appeals, Southern District, Division Two.

April 14, 2010.

Motion for Rehearing or Transfer to Supreme Court Denied May 6, 2010.

Application for Transfer Denied June 29, 2010.

H. Edward Ryals, St. Louis, John M. Vaught, Denver, CO, for Appellant.

Benjamin A. Stringer, Steven J. Blair, Springfield, for Respondent.

DAVID C. DALLY, Special Judge.

Guy Headland (Defendant) appeals the trial court's judgment that awarded future medical and future non-economic damages, claiming that the trial court failed to apply the correct legal standard for awarding such damages. We affirm.

**Factual and Procedural Background**

This cause arose out of a motor vehicle collision in the City of Springfield between Autumn Riley (Plaintiff) and Defendant. Defendant had spent several hours after work drinking before starting home and colliding with the rear of Plaintiff's vehicle. Prior to trial, Plaintiff filed a Motion for Partial Summary Judgment on the issue of liability. Defendant did not file a response and the trial court entered judgment sustaining Plaintiff's summary judgment motion.

A bench trial was held on the issue of damages only and the trial court entered written Findings of Fact and Conclusions of Law and Judgment. The court awarded Plaintiff $900,000.00 in damages resulting from the collision. The trial court found

that Plaintiff sustained, and is reasonably certain to sustain in the future, the following damages:

| | |
|---|---|
| Past Medical | $ 27,824.31 |
| Future Medical | $146,496.53 |
| Past non-economic | $100,000.00 |
| Future non-economic | $625,679.16 |
| Total | $900,000.00 |

Defendant timely appealed the award of future damages.

## Discussion

Defendant's sole point on appeal states, "The trial court committed reversible error in awarding damages for the future consequences of [Plaintiff's] injuries where it failed to apply the correct legal standard for awarding such damages." We note that Defendant's Point Relied On is deficient for failing to comply with Rule 84.04(d) in a number of ways. Rule 84.04(d) states:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*] because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Defendant's point relied on is deficient in that it does not state the legal reasons for his claim of reversible error and why, in the context of the case, such legal rea-

sons support his claim of reversible error. Defendant's point claims the trial court failed to apply the "correct legal standard" without describing the erroneous legal standard that was applied or the "correct legal standard" that should have been applied. We are not being overly technical. It is important that the rule be followed so we "do not become advocates by speculating on facts and on arguments that have not been made." *Arch Ins. Co. v. Progressive Casualty Ins. Co.*, 294 S.W.3d 520, 522 (Mo.App.2009) (quoting *Bridges v. American Family Mut. Ins. Co.*, 146 S.W.3d 456, 458 (Mo.App.2004)). A deficient point relied on forces us "to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood." *Moran v. Mason*, 236 S.W.3d 137, 141 (Mo.App.2007) (quoting *Franklin v. Ventura*, 32 S.W.3d 801, 803 (Mo.App. 2000)). Cognizant of this danger, however, we proceed *ex gratia* to consider the merits of Defendant's point as best we can discern it. *See Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997).

We must affirm the judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Pomona Mobile Home Park v. Jett*, 265 S.W.3d 396, 398 (Mo.App.2008). The issue of whether the court applied the correct legal standard is a question of law that we review *de novo*. *Kesler–Ferguson v. Hy–Vee, Inc.*, 271 S.W.3d 556, 558 (Mo. banc 2008).

The trial court's judgment specifically states that Plaintiff "sustained and is reasonably certain to sustain in the future"

the damages awarded by the court. This is the correct legal standard for future damages as stated in *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 210–211 (Mo. banc 1991) and *Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127, 130 (Mo. banc 2007). In addition, "[t]rial judges are presumed to know the law and to apply it in making their decisions." *State v. Carlock*, 242 S.W.3d 461, 465 (Mo.App.2007) (quoting *State v. Feltrop*, 803 S.W.2d 1, 15 (Mo. banc 1991)).

▮ Defendant argues that even though the trial court recited the proper legal standard in its judgment awarding future damages, its decision should be reversed because it was based upon evidence admitted under an incorrect legal standard that was objected to at the time of admission. The latter assertion has no merit and is fatal to Defendant's point.

The following exchange took place between Plaintiff's counsel and Dr. Boyd Crockett while testifying concerning Plaintiff's future damages:

[Plaintiff's counsel]: All right. Sometimes, Doctor, the phrase reasonable degree of medical certainty is used in litigation. For today's purposes, I want you to assume that that definition means that your opinion is held to be more likely than not. Okay?

[Dr. Crockett]: Yes.

Defendant argues that the remainder of Dr. Crockett's testimony should not have been admitted into evidence because it was not based on reasonable certainty, and because his counsel made a proper and contemporaneous objection to all testimony based upon this erroneous standard, calling it speculative and without foundation.

Following the exchange quoted above, Defendant's counsel stated, "I'm going to object as to—." The trial court responded, "Okay," and Plaintiff's counsel continued with the questioning. The following exchange then took place:

[Plaintiff's counsel]: You have provided a list of future care needs in this case; is that correct?

[Dr. Crockett]: Yes, sir.

[Plaintiff's counsel]: And are the list of future care needs recommendations that you are making to this Court and that you believe [Plaintiff] will need as a result of the annular tear that she suffered due to the accident of July 21st, 2006?

[Dr. Crockett]: Yes, sir.

[Plaintiff's counsel]: You hold those opinions—

[Defendant's counsel]: Objection to foundation, speculation, Your Honor.

The Court: Okay. What's the lack of foundation?

[Defendant's counsel]: I don't think he's laid a basis for future treatment. There is just no foundation at this point yet, Your Honor.

[Plaintiff's counsel]: I don't know what foundation—additional foundation I would require.

The Court: I will overrule the objection.

Defendant's counsel never attempted to inform the court of which foundational element he considered to be deficient or why the testimony was speculative. Defendant did not object to the testimony on the ground that Dr. Crockett's testimony was not to the standard of "reasonable certainty."

▮ "In order to preserve an issue for appeal, a party must object to the alleged error at trial; furthermore, the party must object on the particular grounds he or she wishes to argue on appeal." *Catroppa v. Metal Bldg. Supply, Inc.*, 267 S.W.3d 812, 816 (Mo.App.2008) (citing *Robinson v. Em-*

*piregas, Inc. of Hartville,* 906 S.W.2d 829, 836 (Mo.App.1995)).

"A general objection of lack of foundation does not call to the court's attention the aspect of the foundation which is considered lacking. As such it is inadequate to preserve the matter for review." *Stewart v. Director of Revenue,* 702 S.W.2d 472, 476 (Mo. banc 1986) (quoting *Pazdernik v. Decker,* 652 S.W.2d 319, 321 (Mo.App.1983)). *See also Carter v. St. John's Regional Medical Center,* 88 S.W.3d 1, 18–19 (Mo.App.2002).

Defendant's general objection to Dr. Crockett's testimony regarding future damages as being without foundation and speculative was not preserved for our review as it failed to specify which foundational element was deficient and to inform the court how the testimony was based upon speculation. Point denied. Judgment affirmed.

SCOTT, C.J., and LYNCH, P.J., concur.