

# Missouri Court of Appeals

## Southern District

### Division One

ROY MEDLIN,  )
)
    Plaintiff/Appellant,  )
)
    vs.  )    No. SD32629
)    Filed: January 13, 2014
RLC, INC.,  )
)
    Defendant/Respondent,  )
)
and  )
)
JEREMIAH J. HAYES, et al.,[1]  )
)
    Intervenors/Respondents.  )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin, Circuit Judge

**AFFIRMED.**

Roy Medlin ("Medlin"), appeals the "Judgment" of the trial court which sustained

Intervenors' "Motion to Vacate or Expunge the Amended Judgment Entered on June 29, 2009,

---

[1] Intervenors/Respondents are listed individually as follows: Jeremiah J. Hayes and Shanna L. Hayes, Sarah Willyard, Betty F. Turner, Robert Turner, Jack G. Willard and Sharon K. Willard, Scott Bowman and Jodi Childress Bowman, Jeremy Lynn and Angela Lynn, Robert Bartels and Jeannie M. Bartels, Jeffrey Willard, Jr. and Amanda Willard, Joe E. Glenn and Linda G. Glenn, Albert Shonen and Alicia Sohnen, John E. Rafferty and Anna E. Rafferty, Trustees, John J. Waddell and Sherry A. Waddell, Robert T. Dalke and Christina L. Dalke, David Mann and Natalya Mann, Scott N. Cook and Jill R. Cook, Edmond W. Sherrod and Kelly J. Sherrod, Jimmy Harold Dearman and Nancy Lynne Dearman, Karen Jean Halbrook, Jason D. Seymour and Caren E. Seymour, Steve E. Taylor and Rachele Taylor, William J. Tropepe and Tracey Tropepe, Christina Patillo and Douglas Patillo, Jason M. Shafer and Melissa E. Shafer, Heidi L. Mills, Aaron L. Morris and Nancy A. Morris, Michael A. Turner and Joyce M. Turner, Kathleen Taylor and Ronald Taylor, Melanie Alice Erwin, Michael Shane Schoeller and Mendie Giles Schoeller, James L. Cunningham and Johanna Cunningham, GMAC Mortgage Corp., and Wells Fargo Bank, N.A., (collectively referred to as "Intervenors").

and the Second Amended Judgment Entered on December 28, 2010," and ordered the "original Judgment entered . . . on June 30, 2008," reinstated. We affirm the Judgment of the trial court.

## Factual and Procedural Background

Medlin, a subcontractor, performed excavating services for RLC, Inc. ("RLC"),[2] in the Augusta Heights Phase 2 subdivision in Willard, Greene County, Missouri. As a result of this work, Medlin filed a mechanic's lien in the amount of $36,397.19 against Augusta Heights on May 15, 2000, and brought an action for breach of contract and enforcement of mechanic's lien. Medlin's initial "Petition," in (then) Case No. 100CC4418, was filed on November 14, 2000; his "Fifth Amended Petition" was filed on July 6, 2004.[3]

The Fifth Amended Petition included a claim for a mechanic's lien (Count I), a claim for breach of contract (Count II), a claim for quantum meruit (Count III), a claim for unjust enrichment (Count IV), and a claim for fraudulent transfers (Count V). Counts II, III, and IV sought a judgment against RLC only.[4] As part of the "fifth amendment," Count I added purchasers of various lots as additional defendants, and Count V alleged that various subsequent transfers of lots in the subdivision constituted fraudulent transfers and joined subsequent purchasers and lenders as defendants. Count V sought a judgment against RLC and the other defendants in the amount of the mechanic's lien, to have the various transfers set aside, for Medlin's attorney fees, and for punitive damages.

---

[2] On September 18, 2008, counsel for RLC withdrew from representation and RLC remains unrepresented. RLC did not submit a brief on appeal. While there is no penalty for that omission, this Court is then forced to adjudicate Medlin's claims of error without the benefit of whatever arguments RLC might have raised. *McClain v. Kelley*, 247 S.W.3d 19, 23 n.4 (Mo.App. S.D. 2008).

[3] RLC filed its "First Amended Counterclaim" against Medlin on July 16, 2004.

[4] Counts II, III, and IV of the Fifth Amended Petition were subsequently amended by interlineation to change the principal balance claimed from $36,397.19 to $44,197.19.

On April 27, 2006, RLC filed a "Motion for Separate Trial of Count V of Plaintiff's Fifth Amended Petition." The trial court granted the motion on May 2, 2006, and ordered that "Counts I, II, III and IV shall be tried to the Court without a jury. Count V is severed for separate trial by jury." The trial court also dismissed all defendants to Count I of the Fifth Amended Petition except RLC, stating

> the Court . . . concludes that all defendants in this case who did not have any interest in the subject property prior to the expiration of the 6-month statute of limitations . . . are not necessary parties and should not be parties to Count I . . . and are hereby dismissed from said Count I, leaving [RLC] as the only defendant remaining on said count.

As a result of the trial court's order,[5] Counts I through IV of the Fifth Amended Petition asserted claims only against RLC, while Count V asserted a claim against RLC and numerous other defendants.

Counts I through IV of the Fifth Amended Petition were tried by the trial court on May 4 and 5, 2006; July 28, 2006; and August 23, 2007. Count V of Medlin's Fifth Amended Petition was never tried to a jury or by the trial court, nor was any evidence ever presented or heard as to Count V during the bench trial of Counts I through IV.[6]

Over the course of almost three years following the bench trial, the trial court entered three different judgments in the underlying case: a "Court Memorandum, Findings, Conclusions, Order and Judgment" on June 30, 2008 ("the Original Judgment"); an "Amended Judgment" on June 29, 2009 (the "First Amended Judgment"); and a "Second Amended Judgment" on December 28, 2010.

---

[5] The propriety of this ruling is not at issue in this appeal.

[6] A scheduling conference was held on June 13, 2007, setting the case for a bench trial on August 23, 2007. We find no indication in the record before this Court, nor has Medlin pointed this Court to any record, of a scheduling conference or request for jury trial on Count V of Medlin's Fifth Amended Petition.

The Original Judgment entered on June 30, 2008, provided in part:

The Court finds that [Medlin] and [RLC] entered into a contract upon implied acceptance of [Medlin]'s proposal for $130,000 by receipt of services provided by [Medlin].

The Court further finds that [Medlin] did not complete the contract and granted [RLC] credit for $2500 for his non-completion. The Court finds [RLC] paid a third person $12,188.36 for "clean up" work. A reduction in [RLC]'s balance due of $9688.36 is therefore in order.

The Court further finds that a mechanics lien filed by [Medlin] on May 12, 2000[,] included an exhibit purporting to be a 'just and true' account. That statement had a balance due of $36,397.19. The Court finds the May 12, 2000 lien was timely filed and included data required by Chapter 429 RSMo. The Court finds [Medlin] granted a credit for $7800 in error, but failed to grant the $9688.36 credit due for completion costs. The mechanics lien is therefore adjusted to the amount of $34,508.83.

The Court further finds that [RLC]'s agents or representatives acknowledged an amount due of $28,000. The Court finds that Section 431.180 RSMo provides the Court with discretion regarding award of interest and attorney fees in this case. Interest will be granted at the legal rate of 9% on $28,000 from date of the filing of the mechanics lien. The Court finds that an attorney fee of $10,050 award to [Medlin] is reasonable.

The Court finds [RLC] failed in its burden on the Counter-claim except for balance adjustments set out above.

## JUDGMENT

Therefore, based on the foregoing, the Court enters Judgment and Orders in favor of [Medlin] and against [RLC] as follows:

Judgment is entered for [Medlin] against [RLC] under Count II in the principal amount of $34,508.83, together with prejudgment interest at the legal rate of 9% on $28,000 from the date of May 22, 2000, plus attorney fees in the amount of $10,050.

The foregoing judgment shall be secured by a judgment of mechanic's lien entered under Count I in the amount of $34,508.83 in favor of [Medlin] against Real estate described in Exhibit A attached.

4

Plaintiff is also awarded judgment against [RLC] for the costs of this action.

*No other Orders or Judgment are entered on counts, claims, counterclaims or cross-claims and therefore deemed denied and dismissed.*

(We have shown the Original Judgment as written without notations to grammatical or punctuation errors) (Emphasis added). Exhibit A to the Original Judgment described the Augusta Heights Phase 2 subdivision, which comprised 31 separate lots per the recorded plat.[7]

On July 28, 2008, Medlin filed a "Motion to Amend, Modify and Correct Judgment," pursuant to Rule 78.04.[8] Medlin did not file a notice of hearing contemporaneously with the filing of the motion to amend. In the motion to amend, Medlin argued, among other things, that pre-judgment interest should be modified to include 18% interest on the entire $34,508.83 awarded. Medlin also noted the judgment indicated that all counts and claims have been "decided and/or denied[,]" but "Count V was severed for separate trial and has not yet been adjudicated."

On September 11, 2008, a hearing was held on Medlin's motion to amend. During that hearing, the trial court heard oral argument on all issues raised in Medlin's motion, but did not sustain or overrule any particular request for relief. The following colloquy took place:

> THE COURT: Disposition of Count V.
>
> [MEDLIN'S COUNSEL]: Count V was a claim that included the homeowners and it was a -- it is a fraudulent transfer claim pursuant to the fraudulent transfer statutes of Missouri. If I recall correctly, May 1 of maybe 2006, you entered an order severing Count V from the rest of the mechanic's lien case. And, of course, Count V has never been tried. It's more or less a housekeeping issue. It's never been tried, so I don't what our -- where we stand on Count V.

---

[7] Intervenors each had an interest in at least one of the 31 lots in Augusta Heights Phase 2.

[8] All rule references are to Missouri Court Rules (2013) unless otherwise stated.

THE COURT:  Is that right, [RLC's Counsel]?

[RLC'S COUNSEL]:  You know, Judge, I was sitting here trying to think of what Count V was and I've got this humongous file and I really don't know what it was.  But if it's a fraudulent transfer claim, I don't know, I think it's --

THE COURT:  But if I severed it, I couldn't dispose of it now.

[RLC'S COUNSEL]:  Well, you could dispose of it if you dismissed it unless we want to carry this thing even further to anybody else's retirement.

THE COURT:  I'll just have to look at it.  If it's -- is there a docket entry saying that we severed Count V?

[MEDLIN'S COUNSEL]:  I think there's a signed order.

[RLC'S COUNSEL]:  I don't know.  I mean --

THE COURT:  A signed order?

[MEDLIN'S COUNSEL]:  Yeah, I think there's a signed order and I think it's May 1st.

THE COURT:  Then you're right on that.

[RLC'S COUNSEL]:  It's probably not a final.  It ought to be cleared up so that there's not any question about finality.

THE COURT:  Right.  So that's the next thing.  What are we going to do about Count V?

[MEDLIN'S COUNSEL]:  Well, I don't know.  I'll -- what we would do on that might depend a little bit on what you do on this Motion to Amend, et cetera, frankly.

THE COURT:  I see.  [RLC's Counsel]'s right.  It will continue to be an interlocutory judgment regardless of what we do on this till all issues are resolved, general speaking.

The court concluded the hearing by simply stating, "All right. I'll read the rest of this stuff."

The trial court did not take any action on Medlin's motion to amend within 90 days of

July 28, 2008.  The docket sheet in fact indicates the trial court took no action whatsoever on

6

Medlin's motion to amend until June 29, 2009.  Medlin filed a "Motion for Entry of Judgment" with a proposed Judgment on December 1, 2008, and again on January 14, 2009.  Medlin's motion simply read:

## MOTION FOR ENTRY OF JUDGMENT

[Medlin] moves for the entry of Judgment herein against [RLC].  A copy of the proposed Judgment is attached hereto.

The motion was originally noticed for hearing on December 4, 2008, and later re-noticed for hearing on January 22, 2009.  However, the docket does not reflect that any hearing took place, who was present at the hearing if it did take place, or if it did not, that Medlin ever re-noticed the Motion for Entry of Judgment for any day prior to June 29, 2009.

On June 29, 2009, approximately eleven months after the Original Judgment was entered, the trial court entered the First Amended Judgment.  The First Amended Judgment's first paragraph reads:

After having previously entered a 'Court Memorandum Findings, Conclusions, Order and Judgment' and thereafter considering motions to amend or modify filed by both [Medlin] and [RLC], the Court enters the following Order and Judgment as amended.

The amount of pre-judgment interest awarded by the trial court in the First Amended Judgment remained fixed at 9%.  Unlike the Original Judgment, the First Amended Judgment also addressed Count V as follows:

No other Orders or Judgment are entered on counts, claims, counterclaim or crossclaims and therefore deemed denied and dismissed except Count 5 and [RLC]'s 1st amended counterclaim previously severed.  The Court orders this Judgment to be final with respect to Counts I & II of [Medlin]'s 5th petition as amended per Rule 74.01(b) that there is no just reason for delay.

(We have shown the First Amended Judgment as written without notations to grammatical or punctuation errors).

7

On July 27, 2009, Medlin filed a second "Motion to Amend, Modify or Correct Judgment[.]" This motion requested the trial court amend, modify and/or correct the Judgment in the following respects: Medlin be awarded all of his court costs, interest awarded on entire amount owed to Medlin, a revision of the starting date for interest, clarification regarding interest on lien amount, 18% interest on the award rather than 9%, add an award for amounts owed for rock removal and excavation, and an award of attorney's fees. On October 22, 2009, the trial court considered and sustained Medlin's second motion to amend. The docket reflects that only Medlin's counsel was present at the hearing. The trial court required Medlin to provide a proposed judgment for execution by the trial court.

The next docket entry indicates that on December 20, 2010, Medlin filed a "Motion for Entry of Second Amended Judgment," "Notice of Hearing," and "Proposed Second Amended Judgment." The proposed "Second Amended Judgment" provided to the trial court by Medlin, awarded Medlin pre-judgment and post-judgment interest at 18% per annum. There is no docket entry indicating a hearing took place on Medlin's Motion for Entry of Second Amended Judgment.

On December 28, 2010, the trial court entered Medlin's Second Amended Judgment. This judgment awarded pre-judgment interest at 18% per annum from December 10, 1999, through December 28, 2010; attorney's fees in the amount of $10,050; and awarded post-judgment interest at 18% per annum on that part of the judgment secured by the mechanic's lien.

Approximately four months later, on April 20, 2011, Medlin filed his voluntary dismissal of Count V with prejudice. Thereafter, various executions or garnishments were issued for collection of the amounts documented under the Second Amended Judgment.

8

On March 1, 2012, Intervenors filed their "Motion to Vacate or Expunge the Amended Judgment Entered on June 29, 2009, and the Second Amended Judgment Entered on December 28, 2010[.]" Their motion noted Rule 74.06(b) provides a "court may relieve a party or his legal representative from a final judgment or order . . . [if] the judgment is void[.]" The trial court sustained Intervenors' motion by docket entry on December 28, 2012, and by formal "Order and Judgment" on January 17, 2013. The "Order and Judgment" provided that "the original Judgment entered in this case on June 30, 2008, is hereby reinstated and final." This appeal followed.

Medlin's sole point relied on alleges:

> The trial court erred in vacating and/or expunging the 2009 Amended Judgment and the 2010 Second Amended Judgment, and in reinstating the 2008 Order & Judgment, because the 2008 Order & Judgment did not resolve and was not intended to resolve Count V and was not a judgment pursuant to Rule 74.01, in that the underlying action presented more than one claim for relief, Count V had been severed for a separate jury trial, the 2008 Order & Judgment did not address the parties or issues involved in Count V or include the express determination required by Rule 74.01(b), and Count V was not dismissed until April 20, 2011.[9]

Intervenors argue that the trial court did not err in sustaining Intervenors' "Motion to Vacate or Expunge the Amended Judgment Entered on June 29, 2009, and the Second Amended Judgment Entered on December 28, 2010[,]" because the trial court lacked "jurisdiction" to enter either of the amended judgments.

The issue for our determination is whether the trial court erred in vacating the amended judgments and reinstating the Original Judgment.

---

[9] Medlin's sole point is in violation of Rule 84.04 in that it contains multiple claims of error in one point. *In re C.A.M.*, 282 S.W.3d 398, 405 n.5 (Mo.App. S.D. 2009) (noting "[m]ultiple claims of error in one point relied on renders the point multifarious and therefore a violation of Rule 84.04."). Because Intervenors addressed the point directly, we chose to review Medlin's point of error *ex gratia*. *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997) (holding courts "will not exercise discretion to disregard a defective point unless the deficiency impedes disposition on the merits[,] [and a] brief impedes disposition on the merits where . . . it fails to give notice to this Court and to the other parties as to the issue presented on appeal.") (internal citation omitted).

## Standard of Review

Ordinarily, we review the circuit court's ruling on a motion to set aside a judgment under Rule 74.06 for an abuse of discretion. However, whether a judgment should be vacated because it is void is a question of law that we review *de novo*; we give no deference to the circuit court's decision. De novo review means that we will apply the same standard that applied below.

*Sieg v. Int'l Envtl. Mgmt., Inc.*, 375 S.W.3d 145, 149 (Mo.App. W.D. 2012) (internal citation omitted).

## Analysis

In cases tried without a jury; i.e., bench trials, "a party may, but need not, file a motion for new trial or a motion to amend the judgment or opinion, or both, as provided by Rule 78.04." Rule 73.01(d). Rule 78.04 provides "any motion to amend the judgment or opinion shall be filed not later than thirty days after the entry of judgment."

A motion to amend the judgment is considered an "authorized after-trial motion[]," which if timely filed, extends the trial court's control over its judgment up to 90 days. *Dunkle v. Dunkle*, 158 S.W.3d 823, 827 (Mo.App. E.D. 2005); Rule 81.05(2)(A). If a trial court fails to rule on an authorized after-trial motion within this ninety-day jurisdictional period, then the motion is deemed overruled. Rules 78.06 and 81.05(2)(A); *Carson v. Brands*, 7 S.W.3d 576, 578-79 (Mo.App. S.D. 1999). "If an after-trial motion is overruled by operation of law, then the original judgment is final, valid, and enforceable*.*" *Carson*, 7 S.W.3d at 579 (citing Rule 81.05; *Amaismeier v. State Farm Fire & Cas. Co.*, 962 S.W.2d 955, 956 (Mo.App. S.D. 1998); *Missouri Farmers Assoc., Inc. v. Havicon*, 728 S.W.2d 322, 323 (Mo.App. E.D. 1987)). An amended judgment entered after the ninety-day period is "a nullity and must be vacated." *In re Marriage of Noles*, 343 S.W.3d 2, 9 (Mo.App. S.D. 2011).

Here, the Original Judgment was filed June 30, 2008, and Medlin filed his motion to amend, an authorized after-trial motion, within thirty days on July 28, 2008, in accordance with Rule 78.04. Although a hearing was held on Medlin's motion to amend on September 11, 2008, the trial court did not rule[10] or take any action on Medlin's motion until June 29, 2009, almost a year after the motion was originally filed. As a result, the trial court did not rule on Medlin's motion to amend within ninety days of the motion's filing and as a consequence, Medlin's motion was overruled by operation of law. *See* Rules 78.06[11] and 81.05.

Once the motion was deemed overruled, the trial court's Original Judgment purporting on its face to dispose of all counts and claims in Case No. 100CC4418, became final and appealable. *See* Rules 78.06 and 81.05. At that point, the trial court had no authority to act in the case and amend the Original Judgment unless the trial court determined a party was entitled to relief from the Original Judgment under Rule 74.06(a)-(d).[12] The trial court did not make any such determination under Rule 74.06, but instead, simply amended the Original Judgment at Medlin's request even though Medlin's request was outside of the ninety-day "jurisdictional period." *Carson*, 7 S.W.3d at 579. As a result, both the First Amended Judgment and Second Amended Judgment were void and the trial court properly acted upon Intervenors' motion to vacate the amended judgments. *See* ***Holloran v. St. Louis Investigations Agency Inc.***, 308

---

[10] The docket entry does not show that the trial court actually ruled on Medlin's motion, but simply shows the trial court entered the First Amended Judgment.

[11] Rule 78.06 provides if any motion to amend the judgment is "overruled *for all purposes* if the trial court does not rule on it within ninety days." (Emphasis added).

[12] Rule 74.06(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

11

S.W.3d 299, 301 (Mo.App. E.D. 2010) (holding a void judgment can be challenged at any time and, therefore, the trial court was not without jurisdiction or authority to set aside a default judgment that was void). *See also* Rule 74.06(b)(4).

Medlin argues the trial court had authority to amend the Original Judgment because the Original Judgment was not a "judgment" pursuant to Rule 74.01 because it "did not resolve Count V of the Fifth Amended Petition." Medlin argues the Original Judgment "can only be a 'judgment' if it resolved all of the claims with respect to all of the parties to this action." The construction of the Original Judgment is a question of law. *State ex rel. Beaird v. Del Muro*, 98 S.W.3d 902, 909 (Mo.App. W.D. 2003). "The words and clauses used in a judgment are to be construed according to their natural and legal import." *Lombardo v. Lombardo*, 120 S.W.3d 232, 244 (Mo.App. W.D. 2003) (internal quotation and citation omitted). "[I]t is well settled that when the language of the judgment is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used." *Gaunt v. State Farm Mut. Auto. Ins. Co.*, 24 S.W.3d 130, 138 (Mo.App. W.D. 2000) (internal quotations and citations omitted). When the language of the judgment is plain and unambiguous, we do not look outside the four corners of the judgment for its interpretation. *Lombardo*, 120 S.W.3d at 244. In interpreting a judgment, we consider the language used in its entirety and "do not look beyond the judgment to determine the meaning if the contested language is plain and unambiguous." *Colborne v. Colborne*, 337 S.W.3d 158, 164 (Mo.App. W.D. 2011).

Giving the language of the Original Judgment its plain and ordinary meaning, it granted Medlin judgment on Counts I and II, then "denied and dismissed" all other "counts, claims,

counterclaims or cross-claims" in Case No. 100CC4416. Count V was one of the "counts [and] claims" in Case No. 100CC4416.

For this very reason, Medlin moved to amend the Original Judgment, noting that the Original Judgment "indicated that all counts and claims have been decided and/or denied. However, Count V was severed for separate trial and has not yet been adjudicated." At the hearing on Medlin's motion, the parties discussed the disposition of Count V with the trial court, and the fact that the Original Judgment purported to dispose of Count V. Despite Medlin's motion and argument, the trial court did not amend the Original Judgment within 90 days, which finalized the Original Judgment by operation of law. *See* Rules 78.06 and 81.05(a)(2). Assuming arguendo that the Original Judgment dismissed Count V in error, Medlin did not challenge such error by appeal or seek relief under Rule 74.06.

For the above reasons, we find the trial court did not err in vacating and/or expunging the 2009 Amended Judgment and the 2010 Second Amended Judgment, and in reinstating the Original Judgment. Therefore, the trial court's Judgment regarding the same is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - Concurs in result only

DANIEL E. SCOTT, J. - Concurs