

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| ROY MEDLIN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33437 |
| | ) | |
| RLC, INC., | ) | Filed May 7, 2015 |
| | ) | |
| Defendant-Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JEREMIAH J. HAYES, et al.,[1] | ) | |
| | ) | |
| Intervenors-Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY
Honorable J. Dan Conklin, Circuit Judge

AFFIRMED

Roy Medlin appeals the trial court's judgment ordering partial satisfaction of judgment and full release and discharge of a mechanic's lien previously imposed by a judgment entered on June 30, 2008. Finding no error as alleged by Medlin, we affirm.

---

[1] Intervenors-Respondents (collectively referred to as "Intervenors") include: Jeremiah J. Hayes, Shanna L. Hayes, Sarah Willyard, Betty F. Turner, Robert Turner, Jack G. Willard, Sharon K. Willard, Scott Bowman, Jodi Childress Bowman, Jeremy Lynn, Angela Lynn, Robert Bartels, Jeannie M. Bartels, Jeffrey Willard, Jr., Amanda Willard, Joe E. Glenn, Linda G. Glenn, Albert Shonen, Alicia Sohnen, John E. Rafferty and Anna E. Rafferty, Trustees, John J. Waddell, Sherry A. Waddell, Robert T. Dalke, Christina L. Dalke, David Mann, Natalya Mann, Scott N. Cook, Jill R. Cook, Edmond W. Sherrod, Kelly J. Sherrod, Jimmy Harold Dearman, Nancy Lynne Dearman, Karen Jean Halbrook, Jason D. Seymour, Caren E. Seymour, Steve E. Taylor, Rachele Taylor, William J. Tropepe and Tracey Tropepe, Christina Patillo, Douglas Patillo, Jason M. Shafer, Mellisa E. Shafer, Heidi L. Mills, Aaron L. Morris, Nancy A. Morris, Michael A. Turner, Joyce M. Turner, Kathleen Taylor, Ronald Taylor, Melanie Alice Erwin, Michael Shane Schoeller, Mendie Giles Schoeller, James L. Cunningham, Johanna Cunningham, GMAC Mortgage Corp., and Wells Fargo Bank, N.A.

**Factual and Procedural Background**

Medlin, d/b/a Medlin Excavating, was subcontracted by RLC, Inc. ("RLC"), in April 1999 to provide subdivision development services in connection with the construction of Augusta Heights Subdivision Phase 2, including lots 1 through 31, in Willard, Greene County, Missouri. Medlin provided services until on or about December 10, 1999. Medlin's demand for payment of $36,397.19 was refused by RLC, and on May 15, 2000, Medlin filed a statement of mechanic's lien in the amount of $36,397.19. On November 14, 2000, he brought an action for breach of contract and enforcement of mechanic's lien.

Medlin's action against RLC resulted in a final judgment on June 30, 2008 ("Original Judgment"). *Medlin v. RLC, Inc.*, 423 S.W.3d 276, 284 (Mo.App. 2014) ("*Medlin I*"). Medlin did not challenge this judgment by appeal or seek relief under Rule 74.06.[2] *Id.* at 285. As noted by our court in *Medlin I*, the Original Judgment, as relevant here, provided:

> Therefore, based on the foregoing, the Court enters Judgment and Orders in favor of [Medlin] and against [RLC] as follows:
>
> Judgment is entered for [Medlin] against [RLC] under Count II in the principal amount of $34,508.83, together with prejudgment interest at the legal rate of 9% on $28,000 from the date of May 22, 2000, plus attorney fees in the amount of $10,050.
>
> The foregoing judgment shall be secured by a judgment of mechanic's lien entered under Count I in the amount of $34,508.83 in favor of [Medlin] against Real estate described in Exhibit A attached.
>
> Plaintiff is also awarded judgment against [RLC] for the costs of this action.

*Id.* at 280.

As provided by Rule 74.11(c), Intervenors, who claim interests in the real estate subject to the mechanic's lien granted by the Original Judgment, filed a motion for leave to pay proceeds

---

[2] All rule references are to Missouri Court Rules (2015).

2

into the court's registry, for an order of partial satisfaction of the judgment, and for an order releasing the mechanic's lien. The trial court's judgment on that motion ("Satisfaction Judgment"), found, in part,

> [t]hat the [Original Judgment] awarded damages in favor of [Medlin] and against [RLC] in the amount of $34,508.83, together with pre-judgment interest on a portion of that sum, attorney's fees and court costs. The Judgment further impressed a mechanic's lien on the property described in the Judgment which secured only the sum of $34,508.83, and did not secure payment of any pre-judgment interest, attorney's fees or court costs[.]

The Satisfaction Judgment sustained Intervenors' motion in full, finding that $52,524.50 paid into the court's registry represented "the full amount of that part of the Original Judgment, which was secured by the Mechanic's Lien imposed therein, together with all accrued interest[.]" It was further ordered that the mechanic's lien imposed by the Original Judgment be released and discharged.

Medlin timely appeals the trial court's Satisfaction Judgment, contending in three points that the trial court "erroneously applied and declared the law and misinterpreted the [Original Judgment]," in that

> prejudgment interest on the mechanic's lien judgment was awarded and included in the [Original Judgment], as mandated by law, the [Original Judgment] imposed and enforced a mechanic's lien to secure the "foregoing judgment" which included prejudgment interest from the date of the filing of the mechanic's lien, and the [Original Judgment] did not purport to deny or disallow prejudgment interest on the mechanic's lien judgment [Point I];

> prejudgment interest on the mechanic's lien is mandated by law, and the trial court was presumed *as a matter of law* to have known and correctly applied the law mandating prejudgment interest on mechanic's lien judgments in entering the [Original Judgment] [Point II]; and

> even if the [Original Judgment] was ambiguous as to the prejudgment interest, the trial court was presumed to have known and followed the law in entering the [Original Judgment], and the [Original Judgment] thus should have been interpreted and construed to have been entered in accordance with law as to the inclusion of mandatory interest on the mechanic's lien judgment, rather than to be erroneous or void [Point III].

3

## Standard of Review

A trial court's judgment on a Rule 74.11(c) motion is "to be reviewed the same as any other judge-tried case, under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *Rhodus v. McKinley*, 71 S.W.3d 191, 195 (Mo.App. 2002). "As such, we will affirm the orders of the trial court unless there is no substantial evidence to support them, they are against the weight of the evidence, or they erroneously declare or apply the law." *Id.* Under this standard, *de novo* review of questions of law is applied. *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). "With respect to such questions, 'the appellate court reviews the trial court's determination independently, without deference to that court's conclusions.'" *Id.* at 43-44 (quoting *Moore v. Bi–State Dev. Agency*, 132 S.W.3d 241, 242 (Mo. banc 2004)).

## Discussion

As we observed in *Medlin I*,

> [t]he construction of the Original Judgment is a question of law. The words and clauses used in a judgment are to be construed according to their natural and legal import. It is well settled that when the language of the judgment is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used. When the language of the judgment is plain and unambiguous, we do not look outside the four corners of the judgment for its interpretation. In interpreting a judgment, we consider the language used in its entirety and do not look beyond the judgment to determine the meaning if the contested language is plain and unambiguous.

*Medlin I*, 423 S.W.3d at 284-85 (internal quotation marks and citations omitted).

Here, the language in the Original Judgment as to the *amount* of the mechanic's lien judgment imposed upon the real estate is plain, unambiguous, and certain—"a judgment of mechanic's lien [is] entered under Count I *in the amount of $34,508.83* in favor of [Medlin] against Real estate described in Exhibit A attached." (Emphasis added).

4

Medlin argues in all three of his points, however, that as a matter of law, in addition to the expressed certain amount of $34,508.83, the mechanics lien judgment in favor of Medlin against the real estate includes an additional amount equal to the prejudgment interest awarded to Medlin against RLC in the judgment on Count II. Considering all three of his points together, Medlin supports this argument in essentially three ways: first, the mechanic's lien judgment on Count I begins with "[t]he foregoing judgment shall be secured by[,]" and that this reference to the judgment on Count II incorporates the prejudgment interest awarded under that count (Point I); second, the Original Judgment did not "purport to deny or disallow prejudgment interest on the mechanic's lien judgment" (Point I); and third, "prejudgment interest on the mechanic's lien is mandated by law, the trial court was presumed as a matter of law to have known and correctly applied the law[,] . . . and the [Original] Judgment thus should have been interpreted and construed to have been entered in accordance with law as to the inclusion of mandatory interest on the mechanic's lien judgment, rather than to be erroneous or void" (Points II and III). None are persuasive or correct.

Medlin is correct that the beginning phrase of the mechanic's lien judgment on Count I—"[t]he foregoing judgment shall be secured by"—references the preceding judgment in favor of Medlin and against RLC on Count II. That judgment includes three damage elements: "[1] the principal amount of $34,508.83, together with [2] prejudgment interest at the legal rate of 9% on $28,000 from the date of May 22, 2000, plus [3] attorney fees in the amount of $10,050."

Medlin then argues that because section 429.210, RSMo 2000, mandates prejudgment interest on mechanic's lien amounts,[3] the introductory language to the mechanic's lien judgment

---

[3] Intervenors dispute Medlin's argument that prejudgment interest on the mechanic's lien principle amount was legally mandatory. We need not address that issue, however, because even if it was mandatory, the trial court's failure to include it in the plain and unambiguous language of the mechanic's lien judgment on Count I in the Original Judgment would at best be error, which Medlin failed to challenge by appeal or seek relief from under Rule

makes the prejudgment interest—the second damage element awarded in the Count II judgment—includable as an additional amount secured by the mechanic's lien judgment. Medlin concedes in his brief, however, that a mechanic's lien judgment cannot secure the attorney fees' award, the third damage element in the Count II judgment, and that the mechanic's lien judgment on Count I cannot and does not include the attorney fee amount. The flaw in Medlin's analysis is that the introductory phrase he relies upon does not draw any distinction between prejudgment interest and attorney fees in the "forgoing judgment" and, therefore, it logically must either include both or include neither. The plain and unambiguous language used in the mechanic's lien judgment supports the latter. The mechanic's lien judgment expressly secures the "foregoing judgment… *in the amount of $34,508.83*[,]" (emphasis added) which is the same amount as the first damage element in the Count II judgment. By expressly including only the first damage element of the Count II judgment, the mechanic's lien judgment, therefore, plainly and unambiguously does not include either the second or third damage elements of the Count II judgment.

This plain and unambiguous language as to the amount of the mechanic's lien judgment also disposes of Medlin's second contention—the Original Judgment did not "purport to deny or disallow prejudgment interest on the mechanic's lien judgment." Counter to this contention, however, is the principle that the effect of a judgment "must be declared in the light of the literal meaning of the language used." *Medlin I*, 423 S.W.3d at 285 (quoting *Gaunt v. State Farm Mut. Auto. Ins. Co.*, 24 S.W.3d 130, 138 (Mo.App. 2000)). Medlin cites no legal authority supporting his apparently novel and somewhat counterintuitive contention that a judgment

---

74.06. *Medlin I*, 423 S.W.3d at 285. In this procedural posture, the Original Judgment is not now subject to collateral attack. *Barry, Inc. v. Falk*, 217 S.W.3d 317, 320 (Mo.App. 2007) (judgment rendered by a court having jurisdiction of the parties and subject matter is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated).

6

affirmatively operates to grant unexpressed relief where it does not expressly deny or disallow such relief. While we are dubious about the validity of this contention, because Medlin does not cite supporting legal authority and does not explain why he fails to do so, we deem his contention abandoned and need not address it any further. *See **Johnson v. Buffalo Lodging Assocs.***, 300 S.W.3d 580, 582 (Mo.App. 2009). Medlin's first point is denied.

The plain and unambiguous language as to the amount of the mechanic's lien judgment also dooms Medlin's third contention embodied in his second and third points. Medlin claims that the law mandates prejudgment interest on a mechanic's lien, the trial judge is presumed to have followed that law, and the Original Judgment "should have been interpreted and construed to have been entered in accordance with law[.]" When the language of a judgment is plain and unambiguous, however, "'there is no room for construction or interpretation.'" ***Medlin I***, 423 S.W.3d at 285 (quoting ***Gaunt***, 24 S.W.3d at 138). Where, as here, an alleged trial court error in the judgment is not challenged on appeal or relief sought under Rule 74.06, ***Medlin I***, 423 S.W.3d at 285, the words and clauses used in the judgment are to be construed according to their natural and legal import and the effect thereof must be declared in the light of the literal meaning of the language used, *id.* at 284-85 (internal quotation marks and citations omitted).[4] Medlin's second and third points are denied.

## Decision

The trial court's Satisfaction Judgment is affirmed.

---

[4] Medlin's reliance on ***W. H. Powell Lumber Co. v. Fed. Land Bank Ass'n of Mountain Grove-Rolla***, 561 S.W.2d 700 (Mo.App. 1978), is misplaced because its holding was premised upon lack of *in personam* jurisdiction over the defendants, *id.* at 703-04, which, unlike mere trial court error as claimed here, may be asserted in a collateral attack on a judgment, ***Crouch v. Crouch***, 641 S.W.2d 86, 90 (Mo. banc 1982) (finding that a personal judgment rendered by a court without personal jurisdiction over the defendant is void and may be attacked collaterally). Medlin's reliance upon ***American Family Mut. Ins. Co. v. Mo. Dep't. of Insurance***, 169 S.W.3d 905 (Mo.App. 2005), ***Riley v. Headland***, 311 S.W.3d 891 (Mo.App. 2010), and ***In Re Z.L.R.***, 347 S.W. 3d 601 (Mo.App 2011), is also misplaced because each of those cases, unlike the Original Judgment currently before this court, was a direct appeal of the trial court's judgment claimed to be erroneous and was not a collateral attack upon a final trial court judgment.

GARY W. LYNCH, J. – Opinion author

MARY W. SHEFFIELD, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

Attorney for Appellant:  Steven E. Marsh, Hulston, Jones & Marsh, LLC, Springfield, Missouri

Attorney for Respondents:  Lynn C. Rodgers, EVANS & DIXON, LLC, Springfield, Missouri