

# Missouri Court of Appeals

### Southern District

### Division One

ROY MEDLIN, )
)
      Appellant, )
)
  vs. ) No. SD33630 & SD33636
) Consolidated
RLC, INC., BANK OF AMERICA, )
and COMMERCE BANK, ) FILED: September 21, 2015
)
      Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable J. Dan Conklin, Judge

## AFFIRMED

This is Medlin's fourth appeal involving his blanket mechanic's lien filed 16 years ago against a 31-lot subdivision. *See* ***Medlin v. RLC, Inc.,*** 194 S.W.3d 926 (Mo.App. 2006) ("***Medlin I***"); then ***Medlin v. RLC, Inc.***, 423 S.W.3d 276 (Mo.App. 2014) ("***Medlin II***"); followed by ***Medlin v. RLC, Inc.***, SD 33437, 2015 WL 2169279 (Mo.App. May 7, 2015) ("***Medlin III***"), which affirmed the amount,

satisfaction, full release, and discharge of Medlin's blanket lien securing a 2008 final judgment. 2015 WL 2169279 at *1, *4.[1]

Medlin now challenges the recent setting aside, upon motion by respondent banks ("Banks"), of what he calls a "separate" 2004 default judgment and "the *particular* liens of the 2004 judgment" upon which Medlin had begun to make demand. While the trial court did not specify why it granted the Banks' motion, this court "will affirm if the holding is correct on any tenable basis." ***Johnson v. Otey***, 299 S.W.3d 308, 310 (Mo.App. 2009). We affirm, among other reasons, because Medlin has no judgment or mechanic's liens in this case separate from those addressed in ***Medlin III***.

### Background[2]

**In 1999**, RLC subcontracted Medlin to work on the subdivision, then refused Medlin's $36,397 payment request.

**In 2000**, Medlin filed a blanket mechanic's lien statement for $36,397 against the subdivision, followed by a petition to enforce it.

**In 2003**, Medlin's Fourth Amended Petition joined the Banks and other parties, seeking in Count I a declaration that Medlin's mechanic's lien was "prior, superior and paramount" to liens of the Banks and others. The Banks were served but did not respond. Later, Medlin's Fifth Amended Petition added more Count I defendants. The Banks were not served or otherwise notified of this petition.

---

[1] All citations were accessed electronically via Westlaw or LEXIS. Statutory citations are RSMo 2000; rule references are to Missouri Court Rules (2004) and following.

[2] We summarize what is relevant to this appeal; more extensive background may be found in our prior ***Medlin*** opinions. We have dropped pennies from dollar figures.

**In 2004**, Medlin took default judgment on Count I of its Fifth Amended Petition against 20 defendants, including the Banks. As to these defendants and their respective interests in at least 13 specified subdivision lots, Medlin's mechanic's lien was granted priority in the total sum of $69,154 ($36,397 principal plus accrued interest) per allegations of Medlin's Fifth Amended Petition. On appeal, Medlin acknowledges this default judgment was interlocutory and subject to change until the final judgment was entered in 2008.[3]

**In 2006**, the trial court dismissed all Count I defendants but RLC, finding they "should not be parties to Count I ... and are hereby dismissed from said Count I, leaving RLC, Inc. as the only defendant remaining on said count," but that if Medlin proved his lien claim at trial, "the lien will continue to attach to the subject property regardless of who presently has an interest in such property."

**In 2008**, after a trial, the court entered a final judgment that:

- Granted Medlin a money judgment against RLC, secured by a Count I mechanic's lien against the subdivision for $34,508, a value less than in the 2004 default judgment; and

- Denied and dismissed all counts, claims, counterclaims or cross-claims except as stated therein.

**In March 2014**, alleging that Medlin sought to enforce the 2004 default judgment against them, the Banks moved to set that judgment aside.

---

[3] *See* Rule 74.01(b); ***Sunbelt Environmental Services, Inc. v. Nielsen***, 75 S.W.3d 889, 891-92 (Mo.App. 2002) (judgment against only some of mechanic's lien defendants was not final because it did not resolve the claim as to all parties). Medlin also acknowledges that this judgment did not impose personal liability for monies upon either Bank.

**In May 2014**, Medlin's $34,508 mechanic's lien against the subdivision was satisfied, released, and discharged. *Medlin III*, 2015 WL 2169279 at *1, *4.

**In July 2014**, the trial court entered judgment granting the Banks' motion to set aside the default judgment. It is this judgment that Medlin now challenges.

## Discussion

Medlin's points all assume that the default judgment's mention of 13 specific lots created a yet-unsatisfied lien on each of those lots *separate from* the blanket lien on the subdivision. This theory that one blanket lien statement spawned 13 lot-specific liens, each separate and valued differently from Medlin's lien against the whole subdivision, all by action of an interlocutory judgment, is simply wrong.

"A decree in a mechanics' lien suit perfects and perpetuates the lien created by statute. The decree itself does not bring the lien into existence." *Rosenzweig v. Ferguson*, 158 S.W.2d 124, 128 (Mo. 1941). Medlin already "ha[d] a lien, not merely a lien claim that later [could] be transformed into a lien upon judgment; judgment allows only the enforcement of the existing lien ...." *Collector of Revenue v. Parcels of Land Encumbered with Delinquent Land Tax Liens*, 453 S.W.3d 746, 755 (Mo. banc 2015).

Medlin filed one lien statement, commenced one action to enforce it, and thus claimed and preserved one mechanic's lien. *See Home Bldg. Corp. v. Ventura Corp.*, 568 S.W.2d 769, 773 (Mo. banc 1978). The 2004 default judgment and lien values were interlocutory because Rule 74.01(b) so states, but also because a personal judgment against RLC was prerequisite to Medlin enforcing his mechanic's lien. *See Fitzgerald v. Schaefer*, 216 S.W.2d 939, 940 (Mo.App. 1949); *Construction*

4

***Materials Co. v. Grund***, 192 S.W.2d 45, 48 (Mo.App. 1946).  Even in a default situation, Medlin had to establish the extent of RLC's liability by evidence.  *See* ***Schulenburg & Boeckler Lumber Co. v. Strimple***, 33 Mo.App. 154, 158 (1888). None of this happened until June 2008. Indeed, Medlin concedes that no judgment was final until then.

So until then, the default judgment lien values could be revised and were.  The court took evidence and set the mechanic's lien value at $34,508 in a final judgment that Medlin cannot now challenge.  ***Medlin II***, 423 S.W.3d at 285.

## Conclusion

Medlin perfected and enforced one $34,508 mechanic's lien.  Even ignoring the satisfaction, release, and discharge of that lien, this appeal fails because Medlin's multi-lien theory is wrong.  Judgment affirmed.[4]

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS

---

[4] We deny all motions taken with the case.