Roy MEDLIN, Plaintiff/Appellant,

v.

RLC, INC., Defendant/Respondent,

and

Jeremiah J. Hayes, et al.,[1]
Intervenors/Respondents.

No. SD 34265

Missouri Court of Appeals,
Southern District,
Division Two.

FILED: March 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 2017

Application for Transfer Denied May 30, 2017

---

1. Intervenors/Respondents are listed individually as follows: Jeremiah J. Hayes and Shanna L. Hayes, Sarah Willyard, Betty F.

See also 194 S.W.3d 926, 423 S.W.3d 276, 467 S.W.3d 865, and 486. S.W.3d 339.

Appellant's attorney: Steven E. Marsh

Respondents' attorneys: Lynn C. Rodgers and Mary Anne Lindsey

## DANIEL E. SCOTT, J.—OPINION AUTHOR

In Medlin's fifth appeal involving a mechanic's lien he filed over 16 years ago,[2] he challenges the denial of his Rule 74.06(b) motion to set aside the 2008 final judgment ("Original Judgment") as void for violating due process in its disposition of his petition's fifth count.

Turner, Robert Turner, Jack G. Willard and Sharon K. Willard, Scott Bowman and Jodi Childress Bowman, Jeremy Lynn and Angela Lynn, Robert Bartels and Jeaninie M. Bartels, Jeffrey Willard, Jr. and Amanda Willard, Joe E. Glenn and Linda G. Glenn, Albert Shonen and Alicia Sohnen, John E. Rafferty and Anna C. Rafferty, Trustees, John J. Waddell and Sherry A. Waddell, Robert T. Dalke and Christina L. Dalke, David Mann and Natalya Mann, Scott N. Cook and Jill R. Cook, Edmond W. Sherrod and Kelly J. Sherrod, Jimmy Harold Dearman and Nancy Lynne Dearman, Karen Jean Halbrook, Jason D. Seymour and Caren E. Seymour, Steve E. Taylor and Rachele Taylor, William J. Tropepe and Tracey Tropepe, Christina Patillo and Douglas Patillo, Jason M. Shafer and Melissa F. Shafer, Heidi L. Mills, Aaron L. Morris and Nancy A. Morris, Michael A. Turner and Joyce M. Turner, Kathleen Taylor and Ronald Taylor, Melanie Alice Erwin, Michael Shane Schoeller and Mendie Giles Schoeller, James L. Cunningham and Johanna Cunningham, GMAC Mortgage Corp., and Wells Fargo Bank, N.A., (collectively referred to as "Intervenors").

2. *See Medlin v. RLC, Inc.*, 486 S.W.3d 339 (Mo.App. 2015) (*"Medlin IV"*); *Medlin v. RLC, Inc.*, 467 S.W.3d 865 (Mo.App. 2015) (*"Medlin III"*); *Medlin v. RLC, Inc.*, 423 S.W.3d 276 (Mo.App. 2014) (*"Medlin II"*); *Medlin v. RLC, Inc.*, 194 S.W.3d 926 (Mo. App. 2006).

## Timeline[3]

In **1999**, RLC subcontracted Medlin to perform work on a subdivision, then refused Medlin's $36,397 payment request. In **2000**, Medlin filed a blanket mechanic's lien statement against the subdivision and a petition to enforce it. By **2004**, Medlin's Fifth Amended Petition asserted claims for a mechanic's lien (Count I), breach of contract (Count II), quantum meruit (Count III), unjust enrichment (Count IV), and fraudulent transfers (Count V).

In **2006**, the trial court ordered that Counts I–IV be court tried, severed Count V "for separate trial by jury," then heard evidence on Counts I–IV on various dates through **August 2007**. Count V was never tried to a jury or court, nor was Count V evidence presented or heard during the Count I–IV bench trial.

In **June 2008**, the court entered the Original Judgment, granting Medlin a Count II money judgment against RLC secured by a Count I mechanic's lien against the subdivision, and denying and dismissing all other counts, claims, counterclaims, or cross-claims. Medlin timely moved to amend, modify, or correct the judgment because Count V "was severed for separate trial and has not yet been adjudicated." After a motion hearing where Count V was discussed, Medlin's motion was overruled by operation of law and the Original Judgment became final in **October 2008**.

In **2009**, the court purported to amend the Original Judgment to indicate that Count V remained pending. In **2010**, at Medlin's request, the court purported to amend the Original Judgment a second time.

Medlin voluntarily dismissed Count V without prejudice in **2011** and did not reassert it within the one-year savings period.[4]

In **2013**, the trial court set aside the purported 2009 and 2010 amendments and reinstated the Original Judgment. Medlin appealed that action (*Medlin II*), urging in part that the Original Judgment's disposition of Count V violated due process and rendered that judgment void. Necessarily rejecting that argument, we affirmed the trial court's action (423 S.W.3d at 285), after which the Original Judgment's mechanic's lien was satisfied and released.

Following *Medlin II*, Medlin filed a Rule 74.06(b) motion alleging again that the Original Judgment was void for violating due process as to Count V. The trial court denied relief, citing *Medlin II* and also finding that Medlin's voluntary dismissal of Count V in 2011 had extinguished that count from the case. Medlin now appeals that decision.

## Analysis

■ Although we owe the trial court no deference (*Medlin II*, 423 S.W.3d at 283), we cannot fault either prong of its reasoning.

First, Medlin fails to convince us that, in voluntarily dismissing Count V, he did not waive his claim of trial-court error as to that count.

■ Second, the "law of the case" doctrine bars re-litigation of complaints that we necessarily rejected in *Medlin II*. *See Missouri Pub. Serv. Comm'n v. Hurricane Deck Holding Co.*, 302 S.W.3d 786, 790 (Mo.App. 2010) (doctrine governs successive appeals and later case proceedings involving substantially same issues and

---

3. We summarize only what is relevant to this appeal, borrowing from our prior opinions without further attribution.

4. *See* § 516.230. In *Medlin II* we incorrectly described this dismissal as being "with prejudice."

facts). "A previous holding precludes re-litigating issues on remand and subsequent appeal, and '[t]he decision of a court is the law of the case for all points presented and decided, as well as all matters that arose before the adjudication and might have been raised but were not.'" *Id.* (quoting *Williams v. Kimes*, 25 S.W.3d 150, 153–54 (Mo. banc 2000)). Medlin thus cannot now reassert his Count V due-process and void-ness complaints which previously took up some 13 pages of his *Medlin II* briefs and filings.

As to Medlin's suggestion that we abstain from applying the doctrine, "[t]he law of the case doctrine is important because it protects the parties' expectations and promotes uniformity of decisions and judicial economy. It can advance these goals only if it applies nearly all the time, and discretion to disregard it is exercised only in rare and compelling situations not found here." *Walton v. City of Berkeley*, 223 S.W.3d 126, 131 (Mo. banc 2007).

### Conclusion

We affirm the trial court's judgment denying Medlin's Rule 74.06(b) motion.[5]

GARY W. LYNCH, P.J.—CONCURS

NANCY STEFFEN RAHMEYER, J.—CONCURS

---

**5.** We deny all motions taken with the case.